### WILLIAM EILERS *vs.* LOUISA CONRADT.

### September 17, 1888.

**Husband and Wife—Labor by Husband in building House on Wife's Land—Rights of his Creditors.**—In this case the defendant's insolvent husband had joined with her in the execution of the notes given for the purchase price of two lots, and the mortgage securing the same; had paid one year's taxes upon said lots and one year's interest upon the notes. He had also worked as a carpenter upon a house built by defendant on one of the lots, and had paid for part of the materials. He had further performed all of the carpenter work on a house erected upon the other lot, the homestead of defendant. The purchase price of both lots was paid out of the proceeds of a sale of the first-mentioned house and lot. *Held* that, in the absence of a finding that there was a design and intent in the transaction to cheat and defraud the husband's creditors, a judgment that the defendant wife held the legal title to the remaining house and lot in trust for plaintiff, and ordering its sale to satisfy a judgment against the husband, cannot be sustained.

**Debtor and Creditor.**—The time of a debtor is his own, and he may do with it as he pleases. As his creditors have no control over it, and cannot compel him to earn money for their benefit, they cannot complain, nor are they defrauded, if the debtor works for another person gratuitously.

Appeal by defendant from a judgment of the district court for Ramsey county, where the action was tried by *Simons, J.*

*McMillan & Beals,* for appellant.

*S. E. Hall,* for respondent.

COLLINS, J. The defendant's husband (who is plaintiff's judgment debtor) personally performed all of the carpenter work upon a dwelling-house, built by her upon her own lot. She has, with her husband and children, resided therein since March 25, 1885. We are not advised whether said carpenter work was performed as a gratuity or otherwise, but its value is found at $600, no part of which has been paid. The husband had no other claim upon, interest in, or connection with, said house and lot, except as follows: In the year 1882 defendant purchased—wholly upon time—lots 7 and 8 in block 19 in one of the additions to St. Paul. Her husband joined with her in

the notes given for the purchase price and mortgage executed to secure the same, in which mortgage was an agreement that a house should forthwith be built on the lots. The house was erected upon lot 8, and in it resided defendant with her family until March 25, 1885, when the house and lot were sold, the occupants moving at once into a new house, which had in the mean time been built upon lot 7, in which they have ever since resided, and which is a homestead under the laws of this state. Said husband used $60 of his own money in paying for materials for the first dwelling built. He also paid one year's taxes, $19, on the lots, and the first year's interest, $150, upon the joint notes. And he also worked as a carpenter on the house, but the value of such labor was not ascertained. Out of the proceeds of the sale of lot 8 defendant paid for both lots, and thereby secured the discharge of both notes and mortgage.

The complaint charged a fraudulent intent, by both husband and wife, to cheat and defraud his creditors; but this was found untrue. It was further found as a fact that the design and purpose of these parties throughout the transaction was to secure for themselves a house and lot as a homestead. These findings do not warrant the conclusion of law which directed that judgment be entered declaring that the house and lot is held in trust for plaintiff to an extent necessary to satisfy his (plaintiff's) judgment against Herman Conradt, and directing a sale in the usual manner; and consequently do not support the judgment entered upon the findings. The pertinent inquiry is, was this an honest transaction, or a mere device to cheat creditors? If it was sincere and *bona fide*, not colorable and fraudulent, not an arrangement adopted as a cover to disguise the substantial ownership of the husband and thus defraud his creditors, the latter can have no recourse upon the wife's property. The defendant, a married woman, is qualified by statute to hold and own real as well as personal property, to make contracts, and to carry on any lawful business, independently of her spouse. She was fully competent to purchase lots, build houses, and sell the same when a good opportunity presented itself. Her husband could work for her, with or without an agreement as to his compensation, if he chose, and even go further in the management of her property, providing there be good

faith in the transaction.  *Hossfeldt* v. *Dill,* 28 Minn. 469, (10 N. W. Rep. 781.)   The questions of good faith and of honest motive have been passed upon by the proper tribunal, which has found an entire absence of fraudulent intent in all these dealings.   It has gone further, and declared the purpose a very honorable one, that of securing to these people a statutory homestead.

It is true that the insolvent husband worked upon the house now involved, but this he had a right to do.   If the labor was gratuitously rendered, the plaintiff cannot complain, because he has no claim upon his debtor's services.   As he has no right to compel the insolvent to work and earn money for his benefit, he is not defrauded if the debtor chooses to donate his services to another.  *Abbey* v. *Deyo,* 44 N. Y. 343.

The judgment appealed from is reversed, and the case remanded, with directions that judgment be entered in favor of defendant.