MINNIE McCONNELL LAWSON, Respondent, *v.* WILLIAM H. LAWSON and MELVINA LAWSON, Appellants.

56    535
38 Mis 461

*Bond given by a husband for the support of his wife — when not void.*

A bond, reciting that a wife has "just cause for living separate and apart from her husband," and has not "any means of support or maintenance for herself and children," which is conditioned that the husband shall pay or cause to be paid to her a certain sum per week "for the support, education and maintenance of herself and children, for and during the term of the natural lifetime" of the wife, is not void or contrary to public policy as being a contract between a husband and wife to live apart, or without consideration, or in violation of section 21 of chapter 272 of the Laws of 1896, as being an executory "contract to alter or dissolve the marriage or to relieve the husband from his liability to support his wife," it appearing that the wife with just cause had not lived with her husband as his wife for some time prior to the execution of the bond.

APPEAL by the defendants, William H. Lawson and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 16th day of November, 1899, upon the verdict of a jury rendered by direction of the court.

*Ormsbee & Kohl*, for the appellant William H. Lawson.

*C. L. Waring*, for the appellant Melvina Lawson.

*A. H. F. Seeger*, for the respondent.

WOODWARD, J.:

This action is brought to recover the sum of $230, alleged to be due the plaintiff under the provisions of a certain bond, which provides, aside from the formal portions, as follows:

" *Whereas*, the said Minnie McConnell Lawson having just cause for living separate and apart from her husband, the above-named William H. Lawson, and not having any means of support or maintenance for herself and children, now,

" *Therefore*, if the above-bounden William H. Lawson shall pay or cause to be paid unto the said Minnie McConnell Lawson the sum of fifteen dollars per week for the support, education and maintenance of herself and children, for and during the term of the natural lifetime of the above-mentioned Melvina Lawson, the same to be paid quarter yearly, viz., on the first day of September, December, March and June in each and every year during the continuance of this obligation. Then this obligation to be void and of no effect otherwise of force."

Upon the trial of the action the defendants (mother and son), who answered separately, urged that the bond was void and against public policy in that it was a contract between husband and wife to live apart; and that it was without consideration, and that it was in violation of section 21 of chapter 272 of the Laws of 1896 (Domestic Relations Law), because it was an agreement to relieve the husband from his liability to support his wife. At the close of the evidence the defendants moved for a nonsuit upon the various grounds mentioned, with others not necessary to be considered, whereupon the court, of its own motion, directed a verdict for the plaintiff for the amount claimed. Counsel for the defendant Melvina Lawson subsequently asked to go to the jury on the question of the signing of the bond, which request was denied. The defendants appeal to this court, urging the points above mentioned.

The request of the defendant Melvina Lawson to go to the jury on the question of the signing of the bond was not made until after the court had directed the jury to find a verdict. Assuming, however, that the request was made in due season, there was no evidence in the case which would justify its submission to the jury. The defendant, in whose behalf the motion was made, testified that Mr. Rusk, who drew the paper, " did not urge me to sign this paper, and he told me he would not give me any advice in regard to it. * * * I remember putting my name to the bond; I say I was very nervous at the time. I wasn't feeling well. I was up and dressed and around the room. That is my signature to the bonds,

and I signed at that time when I say I was in a highly nervous state." The other defendant, in reply to a question of the court, said: "I think she kind of did it voluntarily. She signed it more for peace." There was no suggestion in the evidence contrary to this testimony of the two defendants. Obviously there was no question as to the signing of this bond, which was for the jury, and, as this was the only point on which either of the defendants asked to go to the jury, the court was bound to refuse the request.

The recital of the bond, that the plaintiff had "just cause for living separate and apart from her husband," was in no way disputed. The defendant William H. Lawson was put upon the witness stand, and, on cross-examination, refused to answer all questions in reference to his relations with other women, his marriage subsequent to his marriage with the plaintiff, and other matters, on the ground that it would tend to incriminate and degrade him. On the contrary, it was shown that the plaintiff had not lived with the defendant William H. Lawson as his wife for somewhen prior to the giving of the bond in suit, and that she had refused to live with him, leaving the home of her mother-in-law, where she had been residing in the absence of her husband, rather than submit to the duties of a wife. The bond is not, therefore, an executory "contract to alter or dissolve the marriage or to relieve the husband from his liability to support his wife" (§ 21 of the Domestic Relations Law), but is the recognition of the existence of an actual separation for a "just cause," and a provision for enforcing the liability of the husband for the support of his wife and children.

There is no agreement in the bond that the parties shall live apart; it merely recites that the plaintiff, "having just cause for living separate and apart from her husband," as she was at the time doing, "and not having any means of support or maintenance for herself and children," the bond is given to secure the payment of fifteen dollars a week for that purpose. It is clear from the evidence, which, by the defendants' motions for nonsuits, was submitted to the court for decision (*Dillon* v. *Cockcroft*, 90 N. Y. 649, and authorities there cited), that there was a "just cause" for the plaintiff to live separate and apart from her husband, and as suggested in *Pettit* v. *Pettit* (107 N. Y. 677) "public policy does not turn on the

question whether the husband fights out the quarrel to final judgment. Where the separation exists as a fact and is not produced or occasioned by the contract, the consideration of the husband's agreement to pay is his release from liability for the support of his wife." The case at bar comes fully within the reasoning of the court in the case cited, which must be controlling.

The judgment should be affirmed, with costs.

All concurred, except HIRSCHBERG, J., not sitting.

Judgment affirmed, with costs.