(36 Misc. Rep. 559.)

## DOWER v. DOWER.

(Supreme Court, Trial Term, Herkimer County. December, 1901.)

HUSBAND AND WIFE—SEPARATION—AGREEMENT TO SUPPORT.

    Laws 1896, c. 272, § 21, declaring that a husband and wife cannot contract to alter or dissolve the marriage or relieve the husband from his liability to support the wife, a contract between a wife, living apart from her husband because of his cruel conduct, and the husband, fixing an actual sum to be paid by him for her support, as well as a gross sum which might be paid in satisfaction of all her rights against him, is legal, and not in violation of public policy in such act.

Action by Harriet M. Dower against William H. Dower to recover on a written agreement. Judgment for plaintiff.

J. Frank Rogers (A. B. Steele, of counsel), for plaintiff.
Jones & Young, for defendant.

W. S. ANDREWS, J. The plaintiff and the defendant were married a number of years ago; but, because of the cruel treatment of the husband, they were, on February 9, 1897, living separate and apart from each other. On that day they entered into a written contract setting forth that differences had arisen between them which rendered it undesirable that they should live together, and that they had, in fact, theretofore separated. In view of these circumstances they agreed that they should "continue to live separate and apart from each other, and that neither will molest, visit, disturb, or in any way interfere with the other while thus living apart." The husband promised to pay the wife $300 a year until his or her death, or until she should receive the total amount of $4,000. On her part the wife promised not to create any debt or liability against the husband, and to indemnify him for any that she might theretofore have incurred. She further agreed that when she had received $4,000 she would, upon request, release her inchoate right of dower in any of her husband's real estate; and that in the event of the sale, prior to that time, of any part thereof, she would release her right of dower therein upon receiving its value, such sum so paid to be applied in reduction of the above-mentioned $4,000. The contract then contained the provision that, taking into account all the circumstances of the parties, the above provisions were ample and sufficient, and that the same were accepted by the wife as sufficient for her support and maintenance, and in lieu of all dower rights or share in the property or estate of the husband. The husband seems to have paid the amount agreed upon until April 1, 1900, but in the

following year he advanced only $210, leaving, as she claims, a balance of $115. It is for this amount that she sues. The defense is that the agreement under which the recovery is sought is invalid and void.

Under section 21 of the domestic relations law (Laws 1896, c. 272) it is provided that:

"A married woman has all the rights in respect to property, real or personal, and the acquisition, use, enjoyment and disposition thereof, and to make contracts in respect thereto with any person including her husband, * * * as if she were unmarried; but a husband and wife cannot contract to alter or dissolve the marriage or to relieve the husband from his liability to support his wife."

The question for decision, therefore, is whether the agreement in question is a contract to alter or dissolve the marriage, or whether it is a contract to relieve the husband from his liability to support his wife. It does not seem to me that the contract is one to alter or dissolve the marriage. The wife had left the husband, as, under the evidence in the case, she was fully justified in doing, and was living apart from him. The agreement simply recognized this condition of affairs, and recognized the right of the wife to be freed from disturbance and molestation while the separation continued. The mutual promise that they should continue to live apart conferred no new rights upon the wife and deprived the husband of none. His cruelty might be condoned, it is true, but the contract did nothing to prevent such condonation. Nor do I think that the contract relieved the husband from his liability to support the wife. On the other hand, it in fact recognized his obligation to furnish her such support, and simply regulated the amount that he should pay her therefor. The husband and wife agreed together what, under all the circumstances, should be sufficient for this purpose, and agreed that it should be paid her in a certain specified manner, and to a certain specified amount. So far as appears, this arrangement was in all respects fair and adequate. The case of Lawson v. Lawson, 56 App. Div. 535, 67 N. Y. Supp. 356, seems to support these views. My attention has also been called to Poillon v. Poillon, 49 App. Div. 341, 63 N. Y. Supp. 301. There a similar contract was made between a husband and wife, who were living together, providing for payments to the wife and for a future separation. It was held that this contract was void as against public policy, and that no recovery could be had upon it. It could only be upheld in equity in certain cases where there was the intervention of a trustee. The plaintiff claimed that this well-settled rule of law had been changed by the section of the domestic relations law, above quoted. The court said, however, that it needed "no discussion to show that this contract is essentially one to alter the marriage relation. It relieves the parties from the duty of living together which the marriage relation imposes upon them, and tends to relieve the husband from the support of his wife, and, so far as it had these ends in view, it is directly contrary to the section above. It is sufficient," the court continued, "for the disposition of this case to say that section 21, above cited, does not enlarge the power of the

husband and wife to contract in this regard, and thus to operate to abrogate the rule of the common law that any such contract is in-valid unless it is made through the intervention of a trustee." The section certainly does not enlarge the right of the husband and wife to contract where the contract alters or dissolves the marriage, or where it relieves the husband from his liability to support his wife. Where the parties are living together, and where the wife has no just cause for separation, then a contract which provides that the husband and wife shall live apart may, and doubtless does, alter the marriage relation. But, as has been pointed out, that is not the situation in the case at bar, and the wife simply obtains the recognition by the husband of the legal status which his acts have con-ferred upon her. As to the statement that the agreement relieved the husband from his liability to support the wife it is obiter, and I prefer to follow the line of reasoning which resulted in the decision reached in Lawson v. Lawson, supra. In my opinion, the plaintiff is therefore entitled to judgment for the relief demanded in the complaint. Proper findings may be prepared and settled upon notice.

Judgment for plaintiff.