(38 Misc. Rep. 459.)

### FRANCE v. FRANCE.

(Supreme Court, Trial Term, Schoharie County. July, 1902.)

1. HUSBAND AND WIFE—MAINTENANCE AFTER SEPARATION—ACTION ON BOND.

Where persons married in New York separate, and thereafter bring cross actions for divorce, and the wife discontinues her action and releases her husband, on execution of a bond to pay her a certain sum weekly for her support and that of her child, and the husband thereafter secures a divorce, the wife may enforce the bond, under Laws 1896, c. 272, § 21, authorizing a married woman to make contracts as to her prop-

¶ 1. See Husband and Wife, vol. 26, Cent. Dig. § 1046.

erty rights with her husband; it not being a contract to alter or dissolve the marriage, or relieve the husband from his liability to support the wife, which is prohibited by such section.

Action by Helen France against Henry H. France. Judgment for plaintiff.

The plaintiff and defendant intermarried in this state in the year 1878. Two children, the issue of such marriage, were born,—one now of the age of 20 years, and the other of the age of 6 years. In June, 1895, the parties separated. In July, 1896, the defendant moved to North Dakota, and in October of the same year the plaintiff commenced an action against him for ·divorce, alleging adultery. A summons and complaint were served upon the defendant pursuant to an order, and he appeared by his attorney. Thereafter, and on the 20th day of October, 1896, the defendant in the state of North Dakota sued the plaintiff for a divorce, alleging desertion. While both such actions were pending, an agreement was entered into between the parties, by which the plaintiff was to discontinue the action, to make no defense to the action for divorce brought against her for desertion, and to release all claim upon the defendant's property; the defendant agreeing to pay the costs of plaintiff in both such actions, and to pay her seven dollars per week for the support and maintenance of herself and infant child. To carry out this agreement, the defendant executed a bond whereby he obligated himself to pay such costs and expenses, and to pay said sum of seven dollars per week. Thereupon the said action was discontinued by her, and the suit by the defendant against the plaintiff in the state of North Dakota was continued to judgment, and the defendant obtained a decree against the plaintiff, wherein she was awarded the custody of the infant child, and the sum of seven dollars per week for her and his support and maintenance. After obtaining such decree, the defendant returned to this state, where he has ever since resided, and now resides. The defendant performed the conditions and obligations of the bond that he had given to the plaintiff down to the last day of November, 1900, since which time he has refused to pay anything thereon, and this action is brought by the plaintiff to enforce the obligation of such bond.

George M. Palmer, for plaintiff.
Robert E. Whalen, for defendant

HERRICK, J. While the contract between a husband and wife for a future separation is void after a separation has taken place, a contract for the separate support and maintenance of the wife, made through the intervention of a trustee, is valid and binding upon all the parties. Galusha v. Galusha, 116 N. Y. 635, 22 N. E. 1114, 6 L. R. A. 487, 15 Am. St. Rep. 453; Clark v. Fosdick, 118 N. Y. 7, 22 N. E. 1111, 6 L. R. A. 132, 16 Am. St. Rep. 733; Duryea v. Bliven, 122 N. Y. 567, 25 N. E. 908; Hughes v. Cuming, 36 App. Div. 302, 55 N. Y. Supp. 256. The case last cited was reversed upon another question in 165 N. Y. 91, 58 N. E. 794, but the contract between the parties was said to be unaffected and still in force between them. See page 98, 165 N. Y., and page 796, 58 N. E. Where a married couple have separated pending an action for a divorce or separation, a contract entered into between husband and wife, by which money is to be paid to her, and the husband relieved from all other payments for her support and maintenance, and that thereafter they shall live separate and apart, is a valid contract. When the separation exists as a fact, and is not produced or occasioned by the contract, the consideration of the husband's agreement to pay is his release from liability for the support of his wife.

Pettit v. Pettit, 107 N. Y. 677, 14 N. E. 500; Lawson v. Lawson, 56 App. Div. 535, 67 N. Y. Supp. 356. Contracts of the kind in question have been upheld when made through the medium of a trustee, but when made directly between husband and wife have been held to be illegal, not because they were contrary to public policy, but because of the legal disability ·of a wife to contract with her husband. Hendricks v. Isaacs, 117 N. Y. 411, 22 N. E. 1029, 6 L. R. A. 559, 15 Am. St. Rep. 524. But since the rendition of this decision, and others of like import, these disabilities of married women to contract with their husbands have been almost, if not entirely, removed.

Section 21, c. 272, Laws 1896, reads as follows:

"A married woman has all the rights in respect to property, real or personal, and the acquisition, use, enjoyment and disposition thereof, and to make contracts in respect thereto with any person, including her husband, and to carry on any business, trade or occupation, and to exercise all powers and enjoy all rights in respect thereto and in respect to her contracts, and be liable on such contracts, as if she were unmarried; but a husband and wife cannot contract to alter or dissolve the marriage ·or to relieve the husband from his liability to support his wife."

The last clause of the section, prohibiting any contract between husband and wife to alter or dissolve the marriage, or to relieve the husband from his liability to support his wife, enlarges the scope and meaning of the preceding part of the section, and by strong implication, if such is necessary, authorizes all other kinds of contracts between husband and wife. The contract here was not one to alter or dissolve the marriage, or to relieve the husband from his liability to support his wife; rather to insure the fulfillment of that liability. But if the statute does not go to the extent of relieving the wife from her disability to contract with her husband, and the contract for that reason is invalid in law, it is good in equity. "The doctrine of the unity of the husband and wife, by which the legal existence of the wife was deemed to be merged in that of her husband, preventing them from contracting with each other as if they were two distinct persons, never prevailed in courts of equity. It may be more accurate to say that courts of equity disregard the fiction upon which the common law proceeded, and are accustomed to lay hold of, and give effect to, transactions or agreements between husband and wife according to the nature and equity of the case. A court of equity does not limit its inquiry to the ascertainment of the fact whether what had taken place would, as between other persons, have continued a contract, and give relief, as matter of course, if a formal contract be established, but it further inquires whether the contract was just and fair, and equitably ought to be enforced, and administers relief where both the contract and the circumstances require it. The jurisdiction in equity has been frequently exercised to enforce contracts or agreements for settlement, made between husband and wife before or after marriage, in favor of the wife, whether made with or without the intervention of trustees." Hendricks v. Isaacs, 117 N. Y. 411–417, 22 N. E. 1029, 6 L. R. A. 559, 55 Am. St. Rep. 524; Hungerford v. Hungerford, 161 N. Y. 550–553, 56 N. E. 117. Here the equities that re-

quire the recognition and enforcement of this bond are very strong. In consideration of its being given to her, the plaintiff abandoned her action in this state against the defendant, in which, if successful, she could have obtained alimony for the support of herself and her infant child. She also permitted a default to be taken against her in the action brought against her in North Dakota, by which she relieved her husband of all liability for her support and maintenance, except as therein provided. Under it she has subjected herself to the burden of supporting, not only herself, but the infant child. By the terms of the agreement entered into, the defendant has been relieved from his common-law liability to support his wife and child.

The defendant asserts that the decree of the court in North Dakota, providing for the payment of a weekly sum to the plaintiff, cannot be enforced in this state; that it is not in that respect a final decree, but is one that may be modified or entirely revoked. This contention is probably correct, and, if so, makes the equitable claim for the enforcement of the bond still stronger. This court, having both legal and equitable powers, and having jurisdiction of both parties, will give such relief as the facts warrant, whether that relief be of a legal or equitable nature.

The plaintiff is entitled to judgment pursuant to the decision this day filed, and judgment may be entered accordingly.

Judgment for plaintiff.