GREENFIELD v. GREENFIELD.

(Supreme Court, Appellate Division, First Department.   April 3, 1914.)

HUSBAND AND WIFE (§ 278*)—AGREEMENT FOR SEPARATION—VALIDITY.

An agreement in settlement of an action for separation, whereby the wife, in consideration of $2,500 paid by her husband's mother, released him forever from all claims for support and any claims for alimony and counsel fees in any action theretofore or thereafter commenced, was not violative of Domestic Relations Law (Consol. Laws, c. 14) § 51, providing that a husband and wife cannot contract to relieve the husband from liability to support his wife, where it did not appear that the arrangement was not fair and adequate or that the release was procured by unfair means; and an order requiring the husband to pay alimony and counsel fees in a suit for separation thereafter commenced by the wife was unauthorized.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1046–1053; Dec. Dig. § 278.*]

Appeal from Special Term, New York County.

Action for separation by Sarah A. Greenfield against George S. Greenfield. From an order granting motion for alimony and counsel fees, defendant appeals. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

George M. Pinney, of New York City, for appellant.
George A. Hopkins, of New York City, for respondent.

DOWLING, J.   Plaintiff and defendant were married in the city of New York, December 27, 1907. There is no issue of the marriage. On January 14, 1911, plaintiff commenced an action against defendant in the Supreme Court, New York County, for a separation on the ground of cruel and inhuman treatment of her by defendant, and conduct on his part rendering it unsafe and improper for her to live with him, and upon the further ground of his failure to support and provide for her. Defendant appeared and answered in that action. On March 30, 1911, a motion for alimony and counsel fee therein was denied. While it was pending, an agreement was reached under which plaintiff received the sum of $2,500 from defendant's mother; he then being a patient in a sanitarium at Kingston, N. Y., suffering from the effects of his indulgence in drugs and other excesses. Plaintiff executed and delivered an instrument acknowledging the receipt of $2,500 paid by defendant's mother, and in consideration thereof releasing and discharging her said husband from all claims and causes of action of every description, from every claim and right of dower, from every interest in her husband's personal estate, and further for the same consideration remising, releasing, and forever discharging her said husband "of and from any and all claim and right of support and maintenance by him during the rest of my life." The release recited that she had taken the advice of her attorney in the separation action then pending in relation to the execution of the release; that insurmountable differences had arisen and still existed between her husband and her-

self, rendering it impossible for them to live together; and that he was utterly unable to make any provision for her support and was likely to continue in that condition indefinitely; as the result of which differences and inability to furnish support, the parties had not "lived together as husband and wife for more than a year last past." The plaintiff further agreed that the said sum was accepted and received by her "in full settlement of any claim for alimony and counsel fee in any action either for a divorce or for a separation heretofore begun or which I may hereafter bring against the said George Sidney Greenfield in any state of the United States or in any foreign country." After the execution of this release the separation action then pending was discontinued on consent.

The present action was commenced on May 23, 1913, and is for a separation, based on defendant's cruel and inhuman treatment and conduct on his part rendering it unsafe for her to live with him; the acts complained of all having occurred prior to the commencement of the former action, save an alleged refusal to converse with her in 1913. There are also allegations of his refusal to provide for and support plaintiff. The answer of the defendant sets up, among other things, the release before referred to. The present appeal is from an order granting alimony and counsel fees.

We are of opinion that the release executed by the plaintiff in 1911 is valid and binding, and constitutes a bar to any right on the part of plaintiff to demand or receive support from the defendant. It does not contravene the provision in section 51 (formerly 21) of the Domestic Relations Law that a husband and wife cannot contract to relieve the husband from his liability to support his wife. As was said by Judge Vann in Winter v. Winter, 191 N. Y. 462, 84 N. E. 382, 16 L. R. A. (N. S.) 710:

"The clause in question was not intended to change, but to preserve, the law as it previously existed and to prevent the broad powers committed to the wife by the fore part of the section to make any contract 'with any person, including her husband,' from opening the door so wide that she could release her husband from his liability without any adequate provision for her support being made by him. She does not relieve him of his obligation when she accepts his promise to perform it, and he does not forsake his duty when he agrees to discharge it to her satisfaction. She is the best judge of what she needs for her support, and the amount may be fixed and settled by an agreement made after actual separation without violating any principle of law or statute now in existence.".

While in that case the agreement was to pay a stipulated sum weekly, the principle is the same, and the reasoning equally applies where the husband pays a gross sum which the wife, after having been duly advised, accepts in satisfaction of her claim for support, past and future, and where the parties have been actually living separate and apart for some time preceding the payment of the agreed sum. The validity of the payment of a fixed sum, instead of a weekly or monthly contribution, was recognized in Dower v. Dower, 36 Misc. Rep. 559, 73 N. Y. Supp. 1080. There is no proof that the arrangement made was not fair and adequate, nor is it sought to set aside the release for any reason. Upon the facts shown, the plaintiff has no right to alimony or

counsel fee from the defendant, and the motion therefore should' have been denied.

The order appealed from will therefore be reversed, and the motion denied. All concur.