PYE v. PYE.

(Supreme Court, Appellate Division, Fourth Department.   March 26, 1915.)

1. DIVORCE ☞236—DECREE FOR ALIMONY—AGREEMENT IN SETTLEMENT—BIND-ING EFFECT.
   The written agreement, by which a wife agrees to accept a certain sum in full payment of alimony decreed to her, which sum has been paid, is binding until set aside.
   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 666, 667; Dec. Dig. ☞236.]

2. DIVORCE ☞236—DECREE FOR ALIMONY—AGREEMENT IN SETTLEMENT—PRO-CEEDINGS TO SET ASIDE.
   A written agreement, binding a wife to accept a certain sum in payment of alimony decreed to her, which sum has been paid, cannot be set aside on motion; her remedy, if any, being by action.
   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 666, 667; Dec. Dig. ☞236.]

Appeal from Special Term, Monroe County.

Action by Margaret A. Pye against Frank Pye. From an order denying plaintiff's motion for an order annulling settlement agreement as to alimony and for leave to issue execution to collect alimony, plaintiff appeals. Affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

M. Fillmore Brown, of Angola, for appellant.
George D. Forsyth, of Rochester, for respondent.

PER CURIAM. [1] The written agreement by which plaintiff agreed to accept $925 in full payment of the alimony awarded to her by the decree herein, which sum was paid to her, is still in force, and is binding upon plaintiff until set aside. Galusha v. Galusha, 116 N. Y. 635, 22 N. E. 1114, 6 L. R. A. 487, 15 Am. St. Rep. 453; Winter v. Winter, 191 N. Y. 462, 84 N. E. 382, 16 L. R. A. (N. S.) 710; Greenfield v. Greenfield, 161 App. Div. 573, 146 N. Y. Supp. 865.

[2] It cannot be set aside on motion. If plaintiff has a right to have it annulled, her remedy is by action.

The order appealed from should be affirmed, without costs.