MARIE GRISSLER, Respondent, *v.* FRANK GRISSLER, Appellant.

First Department, June 6, 1924.

Husband and wife — divorce — alimony should not be awarded where valid agreement therefor is entered into after action commenced — error to set aside agreement in absence of proof of fraud, overreaching, etc.

In an action for divorce the plaintiff should not be awarded alimony, where it appears that after the commencement of the action, the parties entered into a valid agreement in which the plaintiff agreed to receive a stipulated sum in full settlement of all claims for alimony, counsel fees or otherwise.

It was error to set aside the agreement in this case, inasmuch as there is no testimony justifying any finding of misrepresentation, fraud, concealment or

overreaching upon the part of the defendant, nor any proof warranting any finding except that the agreement was voluntarily entered into by both parties and is still a subsisting obligation.

APPEAL by the defendant, Frank Grissler, from so much of an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 5th day of March, 1923, as awards alimony to the plaintiff, and also from an order entered in said clerk's office on the 10th day of June, 1921, which order reopened the trial of the case for the purpose of admitting testimony as to the amount of the defendant's income, and awarded counsel fee to the plaintiff's attorney.

*Arthur G. H. Power, Jr.,* for the appellant.

*Thomas J. O' Neill* [*Leonard F. Fish* of counsel], for the respondent.

DOWLING, J.:

This is an action for absolute divorce. The trial court found the facts necessary to entitle the plaintiff to a decree of absolute divorce and, as a conclusion of law, that the plaintiff was entitled to an interlocutory decree dissolving the marriage relation. The court also made the following findings:

" 7th. That after the commencement of said action and on or about the 25th day of January, 1921, said plaintiff and said defendant entered into a written agreement under seal wherein and whereby said plaintiff agreed to receive the sum of Seven hundred and fifty dollars ($750) in full settlement of all claims for alimony, counsel fees or otherwise.

" 8th. That under and by the terms of said agreement said defendant promised and agreed to pay to said plaintiff said sum of Seven hundred and fifty dollars ($750), if and when an interlocutory judgment should be or was entered in said action.

" 9th. That said agreement has not been cancelled or in any respect modified by the said parties thereto.

" 10th. That no action or proceeding has been brought by either of said parties to cancel, rescind or modify said agreement.

" 11th. That said agreement is not fair and adequate and that hence it should not be enforced."

And as conclusions of law:

" 3rd. That the defendant pay to the plaintiff at her residence, 64 East Tremont Avenue, City and State of New York, the sum of $12 in each and every week as and for permanent alimony for her support and maintenance, and that the defendant pay the further sum of $50 to Thomas J. O'Neill of 185 Main Street, White Plains, N. Y., as and for counsel fee in this action."

31

" 6th. That said agreement is not a valid agreement between the parties thereto and is not binding upon either of them."

The issue of the fairness or reasonableness of the agreement to pay a fixed sum in settlement of alimony was not tendered by the complaint. The agreement was made after the commencement of this action, and upon the trial of the case plaintiff showed her familiarity with the terms of the agreement and said in reply to questions by the court: " Q. You are perfectly willing to let your husband go for $500, are you? A. It is cheap, your Honor. Q. Well, it depends upon you, Madam? A. Well, I think we will settle at that, your Honor."

The validity of such an agreement was upheld in *Winter* v. *Winter* (191 N. Y. 462), where the court said (at p. 473): " Does the contract in question 'relieve the husband from his liability to support his wife' in violation of the Domestic Relations Law? * An agreement by the husband to pay such a sum for the support of his wife as is satisfactory to her, cannot be said to have that effect (*Reardon* v. *Woerner*, 111 App. Div. 259). In *France* v. *France* (38 Misc. Rep. 459) it was stated that the contract does not alter or dissolve the marriage nor relieve the husband from his liability to support his wife, but rather insures the fulfillment of that liability; or, as it was put in *Effray* v. *Effray* (110 App. Div. 545), it is 'in compliance with that duty and in furtherance of his obligations in that regard.' If it should turn out that the provision for the support of the wife was inadequate and that she accepted it unadvisedly and imprudently, a court of equity has power to set it aside upon restitution to the husband of so much of the consideration as the wife had not already expended for her own support. (*Hungerford* v. *Hungerford*, 161 N. Y. 550.)

" The clause in question was not intended to change, but to preserve the law as it previously existed and to prevent the broad powers committed to the wife by the forepart of the section to make any contract ' with any person, including her husband,' from opening the door so wide that she could release her husband from his liability without any adequate provision for her support being made by him. She does not relieve him of his obligation when she accepts his promise to perform it and he does not forsake his duty when he agrees to discharge it to her satisfaction. She is the best judge of what she needs for her support and the amount may be fixed and settled by an agreement made after actual separation without violating any principle of law or any statute now in existence." (See, also, *Greenfield* v. *Greenfield*, 161 App.

* See Dom. Rel. Law of 1896, § 21; now Dom. Rel. Law of 1909, § 51.— [REP.

Div. 573; *Werner* v. *Werner*, 153 id. 719; *Levy* v. *Levy*, 149 id. 561; *Levy* v. *Dockendorff*, 177 id. 249; *Cain* v. *Cain*, 188 id. 780.)

In *Pye* v. *Pye* (167 App. Div. 951) the court said: " The written agreement by which plaintiff agreed to accept $925 in full payment of the alimony awarded to her by the decree herein, which sum was paid to her, is still in force and is binding upon plaintiff until set aside. (*Galusha* v. *Galusha*, 116 N. Y. 635; *Winter* v. *Winter*, 191 id. 462; *Greenfield* v. *Greenfield*, 161 App. Div. 573.) It cannot be set aside on motion. If plaintiff has a right to have it annulled her remedy is by action."

There is in the present case no testimony justifying any finding of misrepresentation, fraud, concealment or overreaching upon the part of defendant, nor any proof warranting any finding save that the agreement was the voluntary act of the parties, fairly entered into, and a still subsisting obligation.

The judgment appealed from should be modified by striking therefrom the provision for alimony, and as so modified affirmed; the eleventh finding of fact, the third and the sixth conclusions of law should be reversed, and the conclusions of law Nos. 1 and 2 requested by the defendant should be granted.

CLARKE, P. J., MERRELL and McAVOY, JJ., concur.

Judgment modified as directed in opinion, and as so modified affirmed. Settle order on notice.