MILFRED L. ARCHER v. EVERETT MOULTON AND ANOTHER.[1]

May 1, 1931.

No. 28,388.

H. J. Edison, for appellant.

Thomas Mohn and Horace W. Mohn, for respondent.

[1]Reported in 236 N. W. 455.

HILTON, J.

Defendant Isadore Moulton Archer appeals from an order denying her motion for a new trial.

This is an action to recover $800 as the balance due for services rendered by plaintiff for defendants as a laborer and farm hand from September 1, 1925, to April 1, 1928, at an agreed price of $50 per month with board, washing, and lodging. Of the $1,500 earned a part payment of $700 had been made. The case was tried to the court without a jury. Plaintiff prevailed.

Defendants are brother and sister. They owned farms and a large number of live stock, including milch cows and horses. The rendering of the services and the value thereof is not disputed. Appellant (Mrs. Archer) denied that she ever had any part in hiring plaintiff, claiming that he was hired by her brother. The court found upon sufficient evidence that the hiring was done by both defendants.

On November 2, 1925, plaintiff married appellant and continued to work as before. They lived together as man and wife on the farm during all the further time plaintiff performed the mentioned services. In February, 1926, appellant purchased her brother's interest in the personal property and leased his interest in the real estate and operated the same. The $700 paid to plaintiff was paid directly by appellant in regular $50 payments.

It is appellant's contention that because of the existing marital relation plaintiff cannot recover in an action such as this. Under the common law doctrine of the unity of husband and wife he could not. However in this and many other states the common law status of husband and wife has been materially changed by statute. G. S. 1923 (2 Mason, 1927) §§ 8562, 8616, 8617, 8618, and 8621.

A woman retains the same legal existence and personality after marriage as before, and every married woman is entitled to the same protection as a woman which her husband has as a man. Among other "equal rights" conferred upon a wife were the right of ownership of separate property and the income derived therefrom free from the control of her husband, and the right to con-

tract as if unmarried, accompanied by the obligation of being bound by such contracts. She can contract with her husband as to all subjects except those relating to the real estate of either. Of course, excepted from this rule are contracts (of which the one here involved is not one) which are void because against public policy.

Defendant was bound by her contract after as well as before the marriage; the contract was not abrogated by the marriage. Plaintiff continued to do the work, and the wife paid his wages for many months. She must pay the balance due. The duty devolving upon the husband to care for and support his wife has no bearing on the situation here.

What might be their respective rights and obligations under a state of facts different from that here involved and such as appear in some cases cited by appellant we need not consider. The decision of the trial court in the instant case was proper. Gillespie v. Gillespie, 64 Minn. 381, 67 N. W. 206; Eilers v. Conradt, 39 Minn. 242, 39 N. W. 320, 12 A. S. R. 641; see also France v. France, 38 Misc. 459, 77 N. Y. S. 1015; Hoaglin v. C. M. Henderson & Co. 119 Iowa, 720, 94 N. W. 247, 61 L. R. A. 756, 97 A. S. R. 335; Brickley v. Walker, 68 Wis. 563, 32 N. W. 773; 30 C. J. p. 669, et seq.

Affirmed.