**Phyllis OVEROCKER, f/k/a Phyllis Flick, Appellant,**

v.

**Danny D. SOLIE, Respondent,**

**Mary Solie, Respondent.**

**No. C8–98–1867.**

Court of Appeals of Minnesota.

July 27, 1999.

Randall J. Fuller, Babcock, Locher, Neilson & Mannella, Anoka, for appellant.

Steven A. Anderson, Law Office of Steven A. Anderson, P.A., Warroad, for respondent Mary Solie.

Danny D. Solie, Warroad, pro se respondent.

Considered and decided by DAVIES, Presiding Judge, RANDALL, Judge, and ANDERSON, Judge.

## OPINION

DAVIES, Judge

Appellant, a judgment creditor, sought to collect a judgment, asserting there had been a fraudulent transfer under the Uniform Fraudulent Transfer Act, Minn.Stat. §§ 513.41–.51 (1998). She contests the trial court's grant of a directed verdict to respondents. We affirm.

## FACTS

In December 1993, appellant Phyllis Overocker received a jury verdict against respondent Danny Solie in the amount of $40,000, plus costs and interest. She attempted to recover the judgment through writs of execution and garnishment but was unsuccessful. Solie admits he has paid none of the judgment.

Appellant filed a complaint against respondents in January 1997, alleging Solie had, within the meaning of Minn.Stat. §§ 513.41–.51 (1998), fraudulently transferred an interest in three restaurants to his wife, respondent Mary Solie. Appellant requested as relief, first, a declaration that the restaurants were the property of Danny Solie and, second, a levy of execution against the restaurants under Minn. Stat. § 575.05 (1998).

Respondents acknowledge that the restaurants were set up as corporations, with Mary Solie holding most of the stock and Danny Solie owning none. Each of the restaurants was initially funded entirely

with loans, for which Danny and Mary Solie both signed personal guarantees. Respondents do not dispute that ownership was arranged with knowledge of appellant's claim.

Danny Solie was active in the start-up of each business and plays a vital role in the day-to-day operations. He is the "Danny" in Danny's Pizza, manages all three restaurants, and holds himself out to newspapers and radio stations as the restaurants' spokesman. He has, however, never received a paycheck for his services.

There was testimony that Mary Solie was also active in the start-up phase of the restaurants and, although she works full-time for the City of Warroad, she washes dishes, waits tables, cooks, and does some bookwork at two of the restaurants. She receives a salary from the restaurants at the end of each year in an amount reflecting profitability.

The trial court found that respondents were entitled to a directed verdict and dismissal of the complaint with prejudice because appellant had failed to present evidence under which the jury could properly render a verdict for fraudulent transfer under Minn.Stat. § 513.48(b) and (c).

## ISSUE

■ Can a judgment creditor reach assets of the debtor's spouse's corporations, the value of which has been increased by the debtor's gratuitous labor and services?

## ANALYSIS

■ This court reviews de novo the trial court's decision to grant a directed

verdict. *Nemanic v. Gopher Heating & Sheet Metal, Inc.*, 337 N.W.2d 667, 669 (Minn.1983). A directed verdict is appropriate only when it would be the duty of the trial court to set aside a different verdict as manifestly contrary to the evidence or to the law. *Claflin v. Commercial State Bank*, 487 N.W.2d 242, 247 (Minn.App.1992), *review denied* (Minn. Aug. 4, 1992). The reviewing court must view the evidence and all reasonable inferences to be drawn from it in the light most favorable to the nonmoving party. *Id.*

Appellant sought a declaration that, under the Uniform Fraudulent Transfer Act, Minn.Stat. §§ 513.41–.51 (1998), the restaurants were actually the property of Danny Solie. The trial court found as a matter of law that for such a declaration appellant had to present evidence of the value of the restaurants at the time of transfer.[1] Because she had not done so, she could not prevail in her action. The trial court correctly found that appellant did not present evidence from which the jury could reasonably determine "the value of the asset at the time of the transfer." Minn.Stat. § 513.48(c) (1998).

■ Moreover, to the extent Danny Solie "transferred" any "asset" to his wife, it was only the aggregate product of his continuous labor and services. And it has long been recognized that

[i]f the labor was gratuitously rendered [to someone else], the [judgment creditor] cannot complain, because he has no claim upon his debtor's services. As

1. Minn.Stat. § 513.47(b) (1998), in relevant part, reads:
    If a creditor has obtained a judgment on a claim against the debtor, the creditor, if the court so orders, may levy execution on the asset transferred or its proceeds.
    (Emphasis added.)
    Minn.Stat. § 513.48 (1998), in relevant part, reads:
    (b) Except as otherwise provided in this section, to the extent a transfer is voidable in an action by a creditor under section 513.47(a)(1), the creditor may recover judg-

ment for *the value of the asset transferred*, as adjusted under subsection (c), or the amount necessary to satisfy the creditor's claim, whichever is less.
        * * * *
    (c) If the judgment under subsection (b) is based upon *the value of the asset transferred*, the judgment must be for an amount equal to the value of the asset at the time of the transfer, subject to adjustment as the equities may require.
    (Emphasis added.)

[the judgment creditor] has no right to compel the insolvent to work and earn money for his benefit, he is not defrauded if the debtor chooses to donate his services to another.

*Eilers v. Conradt*, 39 Minn. 242, 244, 39 N.W. 320, 321 (1888) (citation omitted). It is not fraud—or a fraudulent transfer—to donate services. And a judgment creditor does not acquire a property interest in the proceeds of a wife's business merely because the debtor husband worked for the business and as her agent. *Hassfeldt v. Dill*, 28 Minn. 469, 471–72, 10 N.W. 781, 782 (1881).

## DECISION

A judgment creditor cannot reach property held in the name of a corporation owned by the debtor's spouse even if its value has been enhanced by the debtor's gratuitous labor.

**Affirmed.**