## HICKS *v.* HERRING *et al.*

UNDER the twelfth section of our Forcible Entry and Detainer Act, plaintiff is not compelled to claim damages for waste and injury, or for rents and profits. He may simply claim possession; and, in a subsequent suit, may recover damages for waste committed pending the action of forcible entry and detainer.

In forcible entry and detainer it is optional with plaintiff either not to claim any damages, or to claim only such as arise from loss of rents, or from waste, or from both. There is no such connection between the rents and profits and waste committed as to require the damages from the loss of the one and the commission of the other to be united in the same demand.

*Query:* Whether, if plaintiff in forcible entry and detainer inserts in his complaint a conditional prayer, that if waste be committed on the property pending the suit, investigation be had in relation thereto, and the damages occasioned thereby be allowed, he is then entitled to prove such damages, and have them assessed by the jury.

In actions for damages the rule is, that the proof of damage may extend up to the time of verdict as to all facts which flow as a natural result from the injury for which suit is brought.

APPEAL from the Sixth District.

For facts see opinion.    Plaintiff appeals.

*Robinson, Beatty & Heacock,* for Appellant, cited 2 Greenl. Ev. sec. 268 *a;* Comyn's Dig. title Damages, D; *Langford* v. *Owsley,* 2 Bibb, 215 ; *Trigg* v. *Northcote,* Littell's Select Cases, 416 ; Sedg. on Dam. 103–5 ; *O' Callahan* v. *Booth,* 6 Cal. 63.

*E. B. Crocker,* for Respondents, cited Sec. 12 of the Forcible Entry and Detainer Act; 4 Phil. Ev., C. & H. notes, 18, 157 ; 15 Johns, 432 ; Id. 152 ; 1 McCord, 264, 22 ; 1 Johns. Cases, 436– 492 ; 1 Blackf. 360 ; 11 Mass. 445.

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

This is an action to recover damages for waste committed upon the real property of the plaintiff, pending an action of forcible entry and detainer brought by him against the defendant.    In this latter action, the plaintiff obtained judgment for the restitution of the premises, and for damages prior to its commencement, and also for the rents and profits for the period intermediate the commencement and the trial; but he neither claimed, or attempted to prove any damages for waste committed during that period.    The present action is for such waste, which consisted in the cutting and destruction of growing timber of the alleged value of $5000.    To the complaint the defendant interposed a demurrer, the point of which is, that the claim for damages was disposed of by the action of forcible entry and detainer.    The Court gave judgment for the defendants, and hence the present appeal.

The respondent in support of the demurrer cites the twelfth section of the Forcible Entry Act, and contends that the claim for damages under that act could not be split up so as to authorize a separate action for waste.    The twelfth section reads as follows : " In all cases of a verdict by the Justice or jury for the complainant, the damages shall be assessed as well for waste and injury committed upon the premises, as for the rents and profits during such detainer ; and the verdict shall also find the monthly

value of the rents and profits of the said premises ; and the complainant shall be entitled to recover treble damages against the persons against whom judgment has been rendered, which damages shall be assessed by the Justice or jury, and when so assessed shall be trebled by said Justice, and entered as a judgment in the cause upon which execution may issue."

This section is not imperative upon the successful party to insist upon an assessment of damages. The main object of the statute is to prevent individuals from obtaining possession of real property by threats or force, and to restore by summary proceedings to the injured party the possession when thus obtained. And the section in question is added not merely to indemnify the complainant for the injuries suffered from the loss of the rents and profits, and for waste committed, but to punish the offending party. These damages are not a necessary appendage to the verdict. The restitution of the premises is the purpose of the suit, and when that is secured, it must be optional with the complainant whether he will in addition claim an assessment of damages, and when made, that the amount be trebled. He may not claim any damages, or he may claim such as arise from the loss of rents, or from waste, or from both circumstances. There is no such connection between the rents and profits, and waste committed, as to require the damages from the loss of the one, and the commission of the other to be united in the same demand. The language of the section—" *shall be assesssed* "—must be understood as used upon the supposition that the damages are claimed ; for it is no more incumbent or proper in that action than in any other action to consider what is not demanded, or to award a judgment thereon. It was not possible for the plaintiff to know when he instituted the proceeding in the forcible entry case, that the waste, which constitutes the ground of the present action, would be committed. He could of course make no allegation respecting it, or ask any damages consequent thereon. He could, at most, only have inserted a conditional prayer in his complaint, that if waste were subsequently committed, investigation be had in relation thereto, and the damages occasioned thereby be allowed. He might then, possibly, have been entitled, under the statute, to make his proof and call for an assessment from the

jury, though upon this point we express no opinion. It was different with the rents and profits. The monthly value of these was known at the institution of proceedings. For them a claim, was made, and the loss of them was a necessary consequence of the deprivation of the possession, and of necessity continued until restitution. The plaintiff could therefore properly recover for them up to the time of the verdict; for the rule is, that the proof of damages may extend to all matters up to that period which are the natural result of the previous injury. (2 Greenl. Ev. sec. 268.)

The judgment must be reversed, and the cause remanded to the Court below, with instructions to overrule the demurrer, the defendants to be allowed to file an answer, upon the payment of costs, subsequent to the filing of the demurrer; and it is so ordered.

Note.—The Legislature, by Act of 1861, amended section twelve of the Forcible Entry and Detainer Act, by inserting after the word " assessed," in the second line, the words, " if claimed in the complaint."