[Civ. No. 981.   First Appellate District.—September 20, 1912.]

# FRED R. COOK, Appellant, v. S. W. TERRY and FIDEL-ITY AND DEPOSIT COMPANY OF MARYLAND, a Corporation, Respondents.

RECEIVER—APPOINTMENT—INFORMAL ORDER—SUBSTANCE AND EFFECT.—Though an order appointing a receiver is very informal, and not in conformity with such orders as usually made, and does not in direct terms appoint him as such, and though its mandatory words were directed to the defendant in the action, and directed him to deliver the property described to the receiver named, yet its terms carried an authority to the person appointed to take possession thereof, and hold it pending the litigation, subject to the further order of the court, and the informal appointee was thus constituted a receiver; and where the court required of him a bond as such before entering upon his duties, regard must be had to the substance and effect of the order appointing the receiver, rather than to its mere form.

ID.—FUNCTIONS OF RECEIVER.—Where it is clear from all the language used by the court in the order that the appointee should accept and take possession of the property in litigation, and hold the same pending the determination of the action, such are the particular functions and duties of a receiver. A receiver is a person authorized to take possession of property in litigation, and hold it for whichever of the litigants the court may finally determine is entitled thereto.

ID.—ACTION ON RECEIVER'S BOND—ERROR IN EXCLUDING ORDER OF APPOINTMENT—REVERSAL OF ORDER DENYING NEW TRIAL.—Since the order of the court was in substance and effect an order appointing a receiver, the court erred, in an action on the receiver's bond, in sustaining an objection to and excluding the order appointing a receiver, and in rendering judgment for the defendants sued on the bond, and its order denying a new trial for such error must be reversed.

ID.—CLAIM OF DAMAGES IN ACTION UPON BOND—ATTORNEYS' FEES NOT PAID.—Where the plaintiff in the action on the bond not only claimed damages for loss to his business, but also claimed damages for attorneys' fees for a dissolution of the order appointing a receiver, but where the evidence shows that, although a note had been given for such attorneys' fees, it was wholly unpaid at the time of the trial, they could not be recovered until actually paid.

ID.—POSSIBLE RECOVERY OF ATTORNEYS' FEES UPON NEW TRIAL.—If the attorneys' fees should be fully paid, it is possible that the defect in proof of damages therefor may be fully met on the new trial which must be had; since "Damages may be awarded in a judicial

proceeding for detriment resulting after the commencement thereof or certain to result in the future," under section 3283 of the Civil Code.

APPEAL from an order of the Superior Court of Santa Clara County denying a new trial. John E. Richards, Judge.

The facts are stated in the opinion of the court.

W. M. Beggs, and R. C. McComish, for Appellant.

S. G. Tompkins, and R. F. Robertson, for Respondents.

HALL, J.—This is an appeal from an order denying plaintiff's motion for a new trial.

The action was brought upon a bond given by defendant Terry as principal and the corporation defendant as surety, in accordance with the requirements of section 566, Code of Civil Procedure, for the purpose of procuring the making of an order appointing a receiver by the superior court of Santa Clara county, in an action then pending in said court wherein said Terry was plaintiff and said Cook was defendant. The bond was in the usual form, and was in the penal sum of $1,000, and conditioned as required by said section.

In support of the allegations of the complaint that the court made an order appointing one W. T. McDonald receiver in the said action, and directed and authorized him to take charge of the personal property described in the complaint, plaintiff upon the trial "offered in evidence from the records in the case of *Terry* v. *Cook* the original of what purported to be an order appointing the receiver in said action." Omitting the title of the court and action, said order is as follows: "It appearing to the satisfaction of the court that Fred R. Cook has in his possession and control the following described property [here follows the description of certain personal property], which is the subject of litigation in this action and which is held by him, on motion of R. F. Robertson, Esq., the attorney for the plaintiff, it is hereby ordered that said Fred R. Cook deliver possession of the said property to W. T. McDonald, as receiver, pending this action and subject to further direction of the court." This order bore date March 25, 1910, the date of the bond sued on, and was signed by the judge of the court.

Defendants lodged an objection to the introduction of this order upon the ground that it was not an order appointing a

receiver. The court sustained the objection, and the instrument was not admitted in evidence; and as it was the only order ever made appointing or attempting to appoint a receiver, the court was obliged to find against plaintiff upon his allegation as to the appointment of a receiver, and gave judgment for the defendant.

The ruling of the court above set forth presents the vital question upon which this appeal hinges. If no order was ever made appointing a receiver, there was no consideration for the bond sued on, and no recovery could be had thereon.

The determination of the effect of the order in question is not without difficulty. It certainly is most informal as an order of appointment and not at all in conformity with such orders as usually made. It does not in direct language appoint a receiver, and yet it is clear from the language used by the court in the order that the court intended that McDonald should accept and take possession of the property in litigation, and hold the same pending the determination of the action, subject to the order of the court. Such are the particular functions and duties of a receiver. A receiver is a person authorized to take possession of property in litigation for the purpose of preserving it for whichever of the litigants the court may finally determine is entitled thereto. The order in question, though very informally worded and not at all to be commended as a model for future orders, in substance and effect gave authority to McDonald to take possession of the property and hold it pending the action. While the mandatory words of the order were directed to Cook, the defendant in the action, and directed him to deliver the property described to McDonald, as receiver, the same words necessarily carried with them an authorization to McDonald to take possession thereof as receiver, and to hold possession subject to the future order of the court. He was thus constituted a receiver, and, as the record shows, subsequently and before entering upon his duties gave a bond as such. We must look to the substance and effect of the order rather than to its mere form.

That our conclusion, as to the proper construction of the order in question, is correct is supported, we think, by the following authorities: *Gibbes* v. *Greenville & Columbia R. R. Co.*, 15 S. C. 304; *Lyons-Thomas Co.* v. *Perry Co.*, 88 Tex. 468, [27 S. W. 100]; *Kimbrough* v. *Orr Shoe Co.*, 98 Ga. 537,

[25 S. E. 576], and *Fulton* v. *Davidson*, 3 Heisk. (50 Tenn.) 614.

In none of the cases above cited was the action upon the bond given for the appointment, but in each of them the rights of the litigants depended upon the sufficiency of the order as an order for the appointment of a receiver. In none of said cases was the person in terms appointed as a receiver; but in each case he was held to be such because of the authority given him and the duty imposed by the order. Indeed, in *Lyons-Thomas Co.* v. *Perry Co.*, 88 Tex. 468, [27 S. W. 100], the judge in vacation refused to appoint a receiver, but apparently by consent made an order authorizing a person, to whom a conveyance in trust had been made, which was attacked in the proceeding, to execute the trust under the direction and control of the court. The judge had no jurisdiction in vacation to appoint a trustee, but did have power to appoint a receiver. The court found no difficulty in upholding the order as one appointing a receiver.

The order offered in this case was in substance sufficient as an appointment of a receiver, and the court erred in sustaining the objection thereto, and for this reason the order should be reversed.

Plaintiff sought to recover damages for interruption to his business, and also on account of fees paid to an attorney for procuring a dissolution of the order appointing the receiver. The evidence showed that although he had given a note for the attorney fees, he had not up to the time of the trial paid anything thereon. Attorneys' fees cannot be recovered in such an action as this unless they be actually paid. (*Willson* v. *McEvoy*, 25 Cal. 170; *Prader* v. *Grimm*, 28 Cal. 12; *Lott* v. *Mitchell*, 32 Cal. 24.)

Upon a retrial it is possible that this defect in proof of damages may be met, for "Damages may be awarded in a judicial proceeding for detriment resulting after the commencement thereof, or certain to result in the future." (Civ. Code, sec. 3283; *McLennan* v. *Ohmen*, 75 Cal. 558, [17 Pac. 687]; *Hicks* v. *Herring*, 17 Cal. 566.)

The order is reversed and the cause remanded for a new trial.

Lennon, P. J., and Kerrigan, J., concurred.