ELOF E. BLIXT, APPELLEE, v. HOME MUTUAL INSURANCE COMPANY OF IOWA, APPELLANT.

18 N. W. 2d 78

FILED MARCH 16, 1945. No. 31766.

*L. R. Doyle* and *Schaper & Runyan,* for appellant.

*Roy E. Blixt, Kelly & Deming* and *Evans & Lee, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

YEAGER, J.

This is an action by Elof E. Blixt, plaintiff and appellee, against Home Mutual Insurance Company of Iowa, defendant and appellant, for recovery of the costs of repair of a Dodge automobile claimed to be due from defendant to plaintiff under an insurance contract insuring plaintiff in the first instance against loss or damage to a Chevrolet automobile owned by him.

The case was tried to the court, a jury having been waived, which resulted in judgment in favor of plaintiff for $335. The defendant has appealed.

The pertinent facts are not in dispute. On or about March 21, 1940, plaintiff procured from the defendant an insurance policy insuring a Chevrolet automobile against damage by collision. The advance premium was $16. It provided that in case of accident and damage to the automobile an additional premium of $25 should be paid. While the insurance was upon the Chevrolet described, the policy contemplated that the insured might exchange it for another automobile which other automobile, within certain specified limits and conditions, would be protected by the policy. The policy contained the following provisions covering such a contingency: "Automatic Insurance for Newly Acquired Automobiles. If the named Insured who is the owner of the

automobile acquires ownership of another automobile, such insurance as is afforded by this Policy applies also to such other automobile as of the date of its delivery to him, subject to the following additional conditions: * * * (2) if the Company does not insure all automobiles owned by the named Insured at the date of such delivery, insurance applies to such automobile, if it replaces an automobile described in this Policy and may be classified for the purpose of use stated in this Policy, but only to the extent applicable to the replaced automobile; (3) the insurance afforded by this Policy automatically terminates upon the replaced automobile at the date of such delivery; and (4) this agreement does not apply * * * (b) unless the named Insured notifies the Company within ten days following the date of delivery of such other automobile, * * * (d) unless the named Insured pays any additional premium required because of the application of this insurance to such other automobile." On November 9, 1940, plaintiff exchanged the Chevrolet for the Dodge in question here. For the Dodge he gave in exchange the Chevrolet and a bank check for $390. From that date on he had the possession of and used the Dodge in his business and activities as he had formerly used the Chevrolet. Although he had possession of the Dodge thenceforth and the license plates of the Chevrolet were attached to it his title was not assigned to him until November 20, 1940, which assignment did not reach him until probably November 29, 1940, and certainly not earlier than November 27, 1940. On December 2, 1940, the collision occurred which is the basis of the action. On the same day the agent of the defendant was notified of the accident and on the same day or the next the defendant received notice for the first time that the Chevrolet had been displaced by the Dodge.

The plaintiff filed proof of loss and defendant denied liability on the ground that the Dodge was not covered by the insurance policy, for the reason that notice was not given of the replacement within ten days as was required by the terms of the policy. The question of whether or not notice

was given within ten days within the meaning of the terms of the policy is the only issue presented by the pleadings and evidence.

The plaintiff predicates his cause of action on the proposition that, though he had possession and use of the Dodge from November 9, 1940, yet since his title thereto was not perfected until November 29, he had ten days from that date to satisfy the requirements of the insurance policy as to notice. In other words, that they were satisfied by the notice given on December 2 or 3.

The plaintiff cites no decision to support his position. It appears that he rests his contention upon the last sentence of section 60-1004, Comp. St. Supp. 1941, (now section 60-105, R. S. 1943) as follows: "No court in any case at law or in equity shall recognize the right, title, claim or interest of any person in or to any motor vehicle, hereafter sold or disposed of, or mortgaged or encumbered, unless evidenced by a certificate of title or manufacturer's or importer's certificate duly issued, in accordance with the provisions of this Act."

This provision is part of an act the design of which is to control within fixed limits the use and operation of motor vehicles and to establish methods and means for conveyance of title in order that the provisions for control and use may be made effective. It is a regulatory act under the police power. As such, no doubt, it is a valid exercise of the police power.

The provision goes far beyond a mere regulation under the police power. It amounts to an invasion of the right of contract, the impairment of rights of property and a restriction upon the right of the courts to weigh and consider evidence and to make determinations with regard to title and ownership of property and contractual rights and obligations.

The plaintiff has cited no case and we have found none the effect of which is to say that the legislature is empowered, under the guise of a police regulation, to validly invade the field of contract and property rights and to restrict the courts in the exercise of their proper functions.

We must therefore hold that this statutory provision may not be considered as in aid of plaintiff's cause of action. The case must turn on other considerations.

The policy provides that the insurance shall attach to a newly owned automobile from the date of delivery for ten days without notice. This is for the benefit of the insured so that he may have protection from the time of commencement of use of the newly acquired automobile.

In the opinion in *Maryland Casualty Co. v. Toney,* 178 Va. 196, 16 S. E. 2d 340, where the court was called upon to interpret and apply an insurance contract containing the same provisions as the one before us, the court, speaking of the purpose of the provision, said: "It will be observed that this clause is expressed in the broadest terms and is for the benefit of the insured." Further, on applying it, the court said: "The insured is afforded protection from the earliest time he needs protection—that is, from the time the new car is delivered to him. Protection is not delayed until ownership is complete in the insured or until the title is registered in his name, or even until the newly acquired car is placed in service. From the time of delivery of the car to the insured—that is, from the time he takes possession of it—he is protected by the policy." In that case the court sustained a denial of liability since the accident therein involved occurred more than ten days after delivery without notice of replacement having been given within ten days.

In *Dean v. Niagara Fire Ins. Co.,* 24 Cal. App. 2d Supp. 762, 68 Pac. 2d 1021, a case also involving interpretation and application of terms like those contained in the policy here, the court said: "There is nothing in the policy to suggest or justify giving to the word 'delivery' as used therein any meaning other than its ordinary one, which in the context quoted, would signify a handing over of physical possession and control of the automobile. The fact that the Motor Vehicle Code provides that * * * 'No transfer of the title or any interest in or to a vehicle registered hereunder shall pass nor shall delivery of any said vehicle be deemed to

have been made and any attempted transfer shall not be effective for any purpose until transfer or registration is made and the department has issued a new certificate of ownership and registration card' except as therein provided, does not prevent the owner or prospective owner of an automobile from validly contracting for insurance against perils of use dependent upon possession irrespective of the status of registered ownership."

The cases of *Jamison v. Phoenix Indemnity Co.*, 40 Fed. Supp. 87, and *Merchants Mutual Casualty Co. v. Lambert*, 90 N. H. 507, 11 Atl. 2d 361, 127 A. L. R. 483, are also declaratory of the principles announced in the cases from Virginia and California. We think the principles announced in these cases are sound and accordingly they are approved for the purposes of this case.

Here the delivery and commencement of use took place on November 9, 1940, and continued to December 2, 1940, when the accident occurred. No notice of exchange was given to the defendant until after the accident. These matters are without dispute in the evidence. The policy of insurance no longer attached to the Dodge automobile on December 2, 1940, hence there was no liability on the part of the defendant for the accident in question.

The judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.