## DOCKENS v. LA CAZE et al.
### Civil Action No. 2285.

District Court, W. D. Louisiana, Lake Charles Division.

July 3, 1948.

John T. Lindsey, of Port Arthur, Tex., R. E. Biggs, of Liberty, Tex., and William R. Tete, of Lake Charles, La., for plaintiff.

McCoy, King, Anderson, Hall & Swift, of Lake Charles, La., for Texas Co.

Thos. F. Porter and Thomas L. Raggio, both of Lake Charles, La., for J. G. La-Caze and St. Paul Mercury Indemnity Co.

PORTERIE, District Judge.

The plaintiff, Alverna Dockens, the surviving widow of Wiley H. Dockens, filed this action for damages in the sum of $67,950 against J. G. LaCaze and The Tex-

516

as Company; and also against the St. Paul Mercury Indemnity Company, LaCaze's insurer, in the sum of $20,000 (limit of policy); for the alleged wrongful death of her husband, and for the mental anguish, loss of companionship and funeral expenses, connected therewith.

The Texas Company filed a motion to dismiss the suit as to it on the ground that the complaint fails to state a claim against it upon which relief can be granted. At the hearing on the motion, contracts and depositions, etc., were placed in evidence. Actually, we have a motion for summary judgment under Rules 12 and 56 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c.

The complaint alleges that on July 25, 1947, plaintiff's husband was killed in a collision on a Louisiana highway between two oil trucks, through the active negligence of L. S. Roberts, an employee of La-Caze, and that LaCaze was an employee, agent or servant of The Texas Company. The Texas Company denies that LaCaze was its employee, agent or servant; it contends that LaCaze was an independent contractor and that, consequently, it is not liable for the negligence of LaCaze's employee, Roberts.

With the same facts, or facts that are substantially in accord with the instant case, we find the law in the several states divided. However, we have the issue for decision in a federal court sitting in Louisiana. So, what is the law of Louisiana?

The contract between LaCaze and The Texas Company is in writing and a copy of it is in the record. The relationship between them must be determined from this document, which is labeled "Consignment Agreement". We need not quote the entire contract between the two; it is sufficient to say that its provisions are substantially similar to the provisions of the contract in the case of Goff v. Sinclair Refining Company, 1935, La.App., 162 So. 452. In the instant case, the whole equipment of the truck belongs to LaCaze, the distributor; in the Goff case, the oil refiner owned the oil container on the truck. In the instant case, no mention is made of the distributor's telephone, how listed and by whom paid; in the Goff case, it was listed in the name of the oil company and paid by the distributor. In the instant case, there is much detailed mention of the assumption of payment by the distributor of workmen's compensation and unemployment insurance, old age pensions, annuities and retirement benefits; in the Goff case, these are not mentioned. Otherwise, the contracts are the same; the differences do not take the instant case from the philosophy of the rule of the Goff case. The welfare provisions might well have existed under the Goff case; but, if they did not, they are not sufficiently important to cause a departure from the Louisiana jurisprudence. In the final reading of the contract in the instant case, the oil refiner is placed in the enjoyment of the position of a master or employer, but has evaded many of the liabilities that go with that responsibility.

We quote, in 162 So. at page 459 of the Goff case:

"It will be noted that in stipulation 9 of the contract, quoted above, Harkness, as agent, agreed to be responsible for any and all acts of his employees, whether they be acts of commission or omission resulting in loss or damage to the company, and he further agreed 'to indemnify, save harmless, and reimburse the company for and on account of any such acts of the agent's employees.' If Harkness was an independent contractor, the company, with few exceptions, would not be responsible for the acts of his employees. It is not improbable that this stipulation was incorporated in the contract out of an abundance of caution, realizing, perhaps, that the agent who operated thereunder would be held not to be an independent contractor, but a servant. It is not enforceable against nor binding upon third persons injured through the negligence of those engaged by the agent or servant to assist him in carrying on the master's business."

The case of Monetti v. Standard Oil Co. et al., 1940, La.App., 195 So. 89; writ of certiorari denied July 18, 1940, cites and approves the Goff case. Though, in the Monetti case, there was absent the distributor, as allegedly represented by LaCaze in the instant case, nonetheless, the legal relations between the Standard Oil, Gomez

and Scott are the duplicate of the legal relations between The Texas Company, La-Caze and Roberts. See also Montgomery v. Gulf Refining Co. of Louisiana, 1929, 168 La. 73, 121 So. 578.

Under the Louisiana law, an agent is defined to be one who is given power by another to transact for the latter and in his name one or several affairs. La.Rev.Civil Code, Article 2985. Under the same law, masters are responsible for the torts of their servants in the exercise of the functions in which they are employed. La.Rev.Civil Code, Articles 176, 2317 and 2320. Tersely stated, the relationship of master and servant depends on right of control by the so-called master, regardless of whether there is control in fact. If that right is not present, then the relationship is that of independent contractor.

Why should The Texas Company answer for and be responsible for the bad driving of the truck driver in this case? It did not select him nor did it establish the qualifications for his selection. It did not employ him, nor did it fix his salary, nor does it pay him or obligate itself to pay him. It did not select his route that day, nor did it indicate what he should or should not do. The answer of the Louisiana cases is that LaCaze is the agent of The Texas Company (it never parted with the title to the things sold and transported, etc., and is empowered continually to fully control) and, consequently, the driver of the truck is the sub-agent of The Texas Company and The Texas Company is answerable for the tort committed by either, when acting within the scope of employment.

Furthermore, and pretermitting the above, under the Federal Rules of Civil Procedure, motions for summary judgment are permitted only in instances where the factual issues are clear-cut, admitted, uncontroverted, or resolved; and consequently, the motion is made to be decided on legal issues solely. Cf. Rule 56(c), 28 U.S.C.A. following section 723c. We find and declare that there is a controverted issue of fact herein. Plaintiff is entitled to a trial.

For the above reasons, the motion for summary judgment filed by The Texas Company must be overruled and denied. Judgment will be signed upon presentation.