ARMOR v. HADDAD et al.

No. 32666. July 17, 1951.

*234 P. 2d 402.*

Wilson & Wilson, Enid, for plaintiff in error.

Smith & Gasaway, Enid, for defendants in error.

DAVISON, J. This is an action brought by H. B. Haddad, as plaintiff, against D. A. Cothran for the recovery of rent due and to become due within one year from the filing of the petition and in which the appellant, Harold W. Armor, sought to intervene, claiming an interest in certain items of personal property seized under an order of attachment issued at the commencement of the action. The parties will be referred to as they appeared in the trial court.

In March, 1941, plaintiff and her grantors leased to defendant a certain cafe building in Enid, Oklahoma, for a period of five years, beginning May 20, 1941, for a rental of $3,000, payable $50 per month in advance. Twelve of these payments were made, and on May 29, 1942, plaintiff filed the petition herein alleging that defendant had failed to make the payment due that month and that within one year from that date there would be due the sum of $650. Plaintiff procured a landlord's attachment and had the sheriff seize the personal property of defendant located in the leased building. Under authority of the attachment order, the sheriff took possession of the property and made the following return:

"took possession of said property (the fixtures, coffee urn, refrigerator, counters, etc.) and said property is in my custody subject to the order of the within named court. Dated Enid, Okla., June 9th, 1942. Dudley Branom, Sheriff, By, Lelon Coyle, Deputy. List of Property Attached." (following which is a list of items of personal property).

Two weeks after the institution of the suit, the following order was made by the court:

"On due consideration of the petition filed herein and the supplement thereto, and having heard evidence in support thereof in open Court the Court finds that it is to the best interests of all parties in the preservation of the property rights involved in this litigation, that plaintiff be permitted to take possession of the building in question and conduct a cafe therein, subject to the order of this Court with reference to said business.

"It is Therefore, Hereby Ordered, Adjudged and Decreed by the Court that the sheriff deliver the possession of the building in controversy in this action to the plaintiff and that she be permitted to open and conduct a cafe business therein, subject to the further orders of this Court with reference thereto. Said possession and operation of said building shall not be to the prejudice to the rights of any of the parties to this litigation."

And by virtue of said order plaintiff took possession of the building and all fixtures, equipment and personalty therein, as is shown by the sheriff's return on the order of attachment, as follows:

"June 9, A. D. 1942, I delivered said property attached to H. B. Haddad, upon order of the Court in my County."

The defendant filed a motion to quash the issuance, service and return of the summons. No action was taken by the court upon this motion nor was any further pleading filed by defendant. On September 9, 1942, the case was set for trial, plaintiff appearing in person and by attorneys and defendant appearing by his attorney. Defendant offered no evidence and judgment in rem was rendered for plaintiff fixing the amount of recovery at $650 and foreclosing plaintiff's lien. At the sheriff's sale, the property was bought in by plaintiff for $121 and a confirmation of the same was had October 1, 1942.

On September 10, 1945, having secured leave of court, the appellant herein filed his petition in intervention, alleging a sale to defendant by a title retention contract of certain fixtures and equipment; that the terms of the contract had been breached and that the property, having been attached by plaintiff, was in custodia legis. Inter-

vener prayed for possession of said property or judgment for its value and for its use. The following day, upon application of intervener, the court ordered plaintiff to make an accounting of all her acts performed pursuant to the order of June 12, 1942, giving her possession of the property. This last order was, upon motion of plaintiff, quashed on the ground that the action had been theretofore concluded and the court was without further jurisdiction. Thereafter, summons upon the petition in intervention was issued and served. Plaintiff moved that it be quashed for the same reason as quashing the order for an accounting. On January 2, 1946, said motion was granted, intervener's petition was dimissed, and the order granting leave to intervene was vacated. From this judgment, intervener has appealed.

It is, herein, the contention of plaintiff in error that plaintiff below was vested with the power and authority of a receiver and, as such, it was her duty to account; that, until there was an approval of her account and a discharge, the cause was still pending and that, as owner of the property, plaintiff in error was entitled to intervene.

An analysis of the facts discloses the following picture of the situation: Plaintiff was paid all rent due for the occupancy of her building up to the 20th day of May, 1942. She personally retook actual possession 23 days later, or on June 12th. Being unpaid for rent for this 23-day period, she obtained judgment for 13 months rent. Section 1244, 12 O.S. 1941, provides:

"The plaintiff in such action shall not have judgment on his claim before it is due, but the proceedings on the attachment may be conducted without delay."

The defendant did not have sufficient adverse interest in the case to file an answer or to introduce any testimony at the trial. Although the conditional sales contract of intervener was properly filed and the property covered thereby was located in the building of plaintiff, part of the same being listed in the attachment proceedings, intervener was not made a party to the suit nor given any notice of what was being done with the fixtures he had conditionally sold to defendant. Important in such a situation is the fact that the judgment rendered was one in rem, enforceable only against the property in plaintiff's hands, although founded upon a contract personally signed by defendant who was personally served with process, was present by counsel at the time of rendition of judgment against at least a part of the property he had conditionally purchased from intervener.

In such a situation plaintiff strenuously objects to intervener being permitted to intervene in the suit in order to adjudicate his interest in the property involved, and also objects to making a disclosure of her actions with regard to the property placed in her possession by order of court. Propriety alone would have required that intervener be made a party defendant at the institution of the action.

Except for the question of whether or not intervener's motion was too late, there could be no doubt as to his right to be made a party in the suit. 12 O.S. 1941 §241 provides:

"Any person claiming property, money, effects or credits attached, may interplead in the cause, verifying the same by affidavit, made by himself, agent or attorney and issues may be made upon such interpleader and shall be tried as like issues between plaintiff and defendant, and without any unnecessary delay."

In construing the last-quoted statute and others dealing with intervention, in the case of Hockaday v. Drye, 7 Okla. 288, 54 P. 475, the Territorial Court had before it the question of the right to intervene after the rendition of judgment. Therein it was said,

"Nor is there any merit in the contention that the intervention was too late, the petition not having been filed until after judgment was rendered in

the main cause. . . Our statute provides that any person in whom the right to interplead exists may interplead in the cause without putting any limitation thereon as to time, or specification as to the stage of the proceedings in the cause, beyond which he may not interplead. The rendition of judgment is not always the end of the proceedings in the cause. Although judgment had been rendered in the attachment suit from which this proceeding originated, the cause was still open; the funds derived from the attached property were still in the hands of the court for distribution; the cause was pending for that purpose, and, for all the objects of this proceeding, it was yet open."

Therefore, since intervener had a right to be made a party herein, either before or after judgment, the actual question for determination is whether or not the suit was still pending and the trial court still had jurisdiction. By the order of June 12, 1942, above quoted, the trial court ordered the sheriff to deliver possession of the property to plaintiff for preservation and subject to the order of the court. In Cook v. Terry, 19 Cal. App. 765, 127 P. 816, a very similar order, although also containing the words "as receiver," was "in substance sufficient as an appointment of a receiver." It is certain, herein, that the property remained in the custody of the court with plaintiff acting as custodian.

And in the case of Threadgill v. Colcord, 16 Okla. 447, 85 P. 703, the person appointed was held to be a receiver, although he was a party to the suit, and such appointment could not be collaterally attacked. Since plaintiff held the position of receiver with relation to the property, the same was in custodia legis, and "the court still retained the power to settle the accounts of. its receiver and to direct the application of the funds in his hands." Pacific Bank v. Madera Fruit & Land Co., 124 Cal. 525, 57 P. 462.

The instant case presents a situation wherein the right of a party to intervene has the greatest effect in the furtherance of equity. It is one wherein the defendant has little interest because he has nothing to lose. Plaintiff's recovery or avoidance of loss, or both, was effected by securing possession of property belonging to one who was not given the benefit of being made a party, although both plaintiff and defendant had notice of his claim either actual or constructive. The rule of law in the case of Hockaday v. Drye, supra, is applicable and determinative here.

The judgment is reversed and the cause remanded, with instructions to proceed in a manner not inconsistent with the views herein expressed.

ARNOLD, C. J., and GIBSON, HALLEY, and JOHNSON, JJ., concur. LUTTRELL, V. C. J., and WELCH, CORN, and O'NEAL, JJ., dissent.