## PROVIDENCE WASHINGTON INDEMNITY CO. v. EDES et al.
### No. 936.

United States District Court
D. Maine, S. D.

Jan. 26, 1953.

Edward J. Berman, Portland, Me., for plaintiff.

Clinton T. Goudy, Portland, Me., for defendant Edes.

Barnett I. Shur and Herbert H. Sawyer, Portland, Me., for defendant Flaherty.

CLIFFORD, District Judge.

This case is before this court on the motion of the plaintiff for summary judgment on its petition for declaratory judgment in the above-entitled matter.

Defaults were entered against the defendants William Clark and James Sullivan on October 22, 1952, for failure to plead or otherwise defend the above-entitled action as required by law.

It has been agreed between the parties—and the pleadings, affidavits, and exhibits indicate quite clearly—that there is no genuine issue as to any material facts. The controversy is one of law and it may be properly determined on a motion for summary judgment. Johnston-Crews Co. v. U. S., D.C., 38 F.Supp. 544; Dockens v. La Caze, D.C., 78 F.Supp. 515.

Briefly the undisputed facts are as follows: On May 8, 1952, the petitioner issued to William S. Edes an automobile liability insurance policy. The respondent Edes was insured for injuries or damages which should arise as a result of the operation of the automobile specifically described in said policy—namely, a 1940 Chevrolet

Club Convertible. The policy contained a clause, the entire provision of which is as follows:

"Newly Acquired Automobile—an automobile, ownership of which is acquired by the Named Insured who is the owner of the described automobile, if the Named Insured notifies the Company within thirty days following the date of its delivery to him, and if either it replaces an automobile described in this policy or the company insures all automobiles owned by the Named Insured at such delivery date; but the insurance with respect to the newly acquired automobile does not apply to any loss against which the Named Insured has other valid and collectible insurance. The Named Insured shall pay any additional premium required because of the application of the insurance to such newly acquired automobile."

On June 5, 1952, respondent Edes completely parted with possession, control and title of the 1940 Chevrolet Club Convertible, and in substitution thereof, acquired and took delivery of a certain 1941 Cadillac Convertible automobile, which automobile from and after that date became the sole automobile owned or controlled by the respondent Edes. Neither petitioner nor its agents, at any time and under any circumstances were notified of this fact until a time subsequent to July 29, 1952, the date of the accident in question and definitely beyond the required 30-day period.

Defendants John P. Flaherty, James Sullivan, and William Clark were passengers in the car owned and operated by defendant Edes, and all of them sustained serious personal injuries as a result of the aforementioned accident. Defendant Flaherty has brought a suit in the State Court against Edes claiming damages in the sum of $20,000. The others, as yet, have not brought suit in any court.

The only contention raised and seriously considered by counsel for defendant Flaherty concerns whether controversies over coverage of an insurance policy are subject to declaratory relief. It is defendant's contention that since no action has been brought against the petitioner as yet, it should not be bound by a decision of this Court on the aforementioned petition for declaratory judgment.

The case of Maryland Casualty Company v. Faulkner, 6 Cir., 126 F.2d 175, is squarely against the contention raised by defendant Flaherty. In that case it was decided that an action for declaratory judgment concerning whether the insurer was liable under the terms of the policy for injuries to persons in the insured's automobile presented an actual and present controversy within the Declaratory Judgments Act, 28 U.S.C.A. §§ 2201, 2202, notwithstanding the insurer was not a party defendant to a suit which had been filed in state court against the insured. Therefore, a declaratory judgment proceeding may be entertained to determine controversies over coverage of an insurance policy. See also Western Casualty & Surety Co. v. Beverforden, 8 Cir., 93 F.2d 166; Maryland Casualty Co. v. Hubbard, D.C., 22 F.Supp. 697.

The law on the question of coverage is clear, and on which all parties are in complete agreement. The leading case is Blixt v. Home Mutual Insurance Company, 145 Neb. 717, 18 N.W.2d 78, which holds that the insurer is not liable under an automatic insurance clause if notice is not given to the insurer within the time specified. See also Home Mutual Insurance Co. v. Rose, 8 Cir., 150 F.2d 201; Mitcham v. Travelers Indemnity Company, 127 F.2d 27. And in Jamison v. Phoenix Indemnity Co., D.C., 40 F.Supp. 87, the accident occurred within the grace period but notice of said accident was given beyond the specified time allowed.

Since notice of newly acquired automobile was not given to the petitioner by the respondent Edes within the specified time of 30 days the above-cited cases control and the insurance policy issued to respondent Edes by the petitioner is null and void and of no force and effect, insofar as it pertains to the insurance of said Cadillac Convertible automobile as of said 29th day of June, 1952.

It is therefore ordered, adjudged and decreed that the petitioner's motion for sum-

mary judgment on its petition for declaratory judgment be and hereby is granted.

It is further ordered, adjudged and decreed that the respondents named herein be and hereby are permanently enjoined from taking any action either in law or in equity against Providence Washington Indemnity Company in which it is claimed there is liability or responsibility of said company by virtue of said policy of insurance.