### ARTHUR J. MARTIN v. BEATRICE M. TUCKER AND ANOTHER.[1]

March 31, 1944.

No. 33,710.

*Jayne, Chase & Honeycutt,* for appellant.
*Arthur T. Nelson* and *F. Gordon Wright,* for respondents.

STREISSGUTH, JUSTICE.

Arthur J. Martin (the same plaintiff as in Martin v. Tucker, 217 Minn. 104, 14 N. W. [2d] 105) brings this action against his deceased wife's two daughters, by a former marriage, to set aside, on the ground of fraud, a conveyance to them of his wife's homestead in which he joined as grantor.

[1]Reported in 14 N. W. (2d) 107.

The lot involved is located at 2800 West Twenty-sixth street in Minneapolis. It belonged to plaintiff's wife as early as 1924, many years before her marriage to plaintiff, and though, in 1932, she had executed a deed thereto to one daughter and her husband, they had reconveyed the same to her just prior to her marriage to plaintiff in February 1934.

As a preliminary to the marriage, plaintiff had executed an antenuptial agreement, to which reference is made in our opinion in Martin v. Tucker, 217 Minn. 104, 14 N. W. (2d) 105. In addition to the language we there quoted, the agreement contained a clause that "the said party of the second part [plaintiff] does hereby agree that this instrument shall constitute his written consent to the alienation by the said party of the first part [the prospective wife] of any and all real property which she may own at the date hereof."

In 1935, more than a year after their marriage, plaintiff and his wife planned the building of a new home on the lot on Twenty-sixth street. It was found that the lot had no frontage on the street, but this deficiency was overcome by procuring from the city a vacation, as a part of the street, of a 15-foot strip which had barred access between the lot and the street. The building plans for the new home were prepared by plaintiff, who was a carpenter and builder by trade. Plaintiff also did most of the carpenter work in building the home and supervised its entire construction. He also contributed some money of his own toward the improvement, though it was financed principally through a mortgage in the sum of $3,500, necessarily executed by both plaintiff and his wife.

On November 2, 1936, which was about a year after the new home had been completed and first occupied by plaintiff and his wife as their home, plaintiff joined with his wife in the execution of deeds conveying to her daughters, the defendants here, not only the new homestead, but also other real estate owned by Mrs. Martin prior to her marriage to plaintiff. The testimony of the attorney who drew up the deeds, though disputed by plaintiff, indicates definitely that the various deeds and descriptions contained therein were fully explained to plaintiff before he signed the deeds. After their

execution, the deeds were left with the attorney for safekeeping. The deed here involved was retained by the attorney until February 1942, about two weeks before Mrs. Martin's death, when it was recorded at her request.

Shortly after his wife's death, plaintiff joined with his stepdaughters in signing a petition for the allowance of his wife's will, in which reference is made to the antenuptial agreement, as well as to the conveyance of the home to testatrix's daughters. The will bequeaths and devises one-third of testatrix's property to plaintiff. Before plaintiff joined in the petition for its probate, the will was read and explained to him.

Though there is some conflict in the evidence, we adopt the conclusion of the trial court that "the record and the written instruments introduced in evidence in respect to the transactions of the parties are so clearly against the contentions of the plaintiff * * * as not to warrant the court in setting aside any of the instruments after the death of the plaintiff's wife."

Affirmed.