ARTHUR J. MARTIN v. GRADY L. TUCKER.[1]

March 31, 1944.

No. 33,709.

[1]Reported in 14 N. W. (2d) 105.

*Jayne, Chase & Honeycutt,* for appellant.
*F. Gordon Wright,* for respondent.

STREISSGUTH, JUSTICE.

Plaintiff, asserting two causes of action, seeks to establish a constructive trust in his favor (1) in certain real estate to which his wife, at the time of her decease, held title as vendor under a contract for deed, and (2) in a certain mortgage then held by her upon other real estate. In the alternative, he asks for an equitable lien for the value of services performed by him in improving the real estate.

Plaintiff and Emma Brown, a widow with two adult daughters, married in 1934. Before entering into the marriage, plaintiff and the then Mrs. Brown executed a written agreement under the terms of which plaintiff agreed that she should have—

"full right, power and authority, as fully and in all respects the same as she would have if not married, to use, enjoy, manage, convey, mortgage, grant, alienate, spend and dispose of all and every part of the real and personal property of every kind and nature whatsoever and wherever situate, now belonging to her," and that he would "disclaim, release and waive * * * all and every right, claim and estate, * * * in, to or upon all or any of said property by reason of said marriage."

Plaintiff was an experienced carpenter; he also had considerable ability as a contractor and some proficiency in preparing building plans. Selecting a lot owned by his new wife, upon which lot taxes

were then delinquent, and financed by $1,000 in cash—furnished by her—and the proceeds of a $4,700 mortgage executed by both, he planned and supervised the construction of a dwelling house upon the lot. The house and lot were later sold on contract for deed for $7,000.

The first cause of action involves the vendor's interest in this contract over and above the mortgage so executed.

Plaintiff was unable to prove any agreement with his wife as to their mutual understanding in respect to the improvement of the lot. He based his claim of constructive trust entirely upon his assertion that the improvement of the lot was his idea, that he designed the dwelling to be placed thereon, supervised its construction, and personally did most of the carpenter work in connection therewith. He values his work at $407.05 and claims that no part thereof has been paid; also that he advanced $100 for grading and filling the lot upon which the house was built. The evidence, however, showed that one check for $107.05 had been issued by the loan company direct to him; that three checks, totaling $300, had been made out to his wife; and that two of these three checks had been deposited in the family banking account maintained in her name.

The record is barren of any proof of fraud, oppression, duress, undue influence, or any other wrongful conduct on the part of plaintiff's wife such as is necessary to create a constructive trust. 6 Dunnell, Dig. & Supp. § 9916. While the relation of husband and wife is confidential in nature, the circumstance of a wife's acquiescing in her husband's doing of work in the improvement of her real estate cannot be said to be a violation of any fiduciary duty she owes him. "Her husband could work for her, with or without an agreement as to his compensation, if he chose." Eilers v. Conradt, 39 Minn. 242, 243, 39 N. W. 320, 321, 12 A. S. R. 641; Hossfeldt v. Dill, 28 Minn. 469, 10 N. W. 781.

Nor would the trial court have been authorized to impress an equitable lien in plaintiff's favor upon the property or upon his deceased wife's interest therein, on account of any unpaid balance

for work and labor on the part of plaintiff. Assuming that an obligation to pay plaintiff for such work and labor existed, our mechanic's lien statute afforded plaintiff a remedy if he desired to invoke it. There is, however, no common-law right to a lien upon a building in favor of one who furnishes labor in its construction. 4 Dunnell, Dig. § 6031. Plaintiff was not entitled to an equitable lien upon the property for the value of his services in improving the property of his wife, in the absence of proof that he was induced to perform the services by fraud, duress, undue influence, or mistake of such a character that he is entitled to restitution. Restatement, Restitution, § 170. Plaintiff had the opportunity of filing a claim as a general creditor against his wife's estate, which was solvent; but under no theory did the trial court, upon the record before it, possess the power to impress a constructive trust or equitable lien upon his wife's interest, as vendor, in the real estate.

The second cause of action presents a similar picture, except for the fact that the lot upon which the improvement was made was purchased by plaintiff's wife subsequent to her marriage to plaintiff, and the further facts that after the improvement was made the lot was sold, a deed thereto delivered to the purchaser, and a mortgage accepted in payment of the balance of the purchase price. The improved property was sold for $6,250. Of this amount, $4,500 was paid in cash and used in payment of a mortgage the parties had placed upon the property during the period of its improvement, and the balance was paid by the execution and delivery of a purchase money note and mortgage for $1,750 in favor of Mrs. Martin.

It is this $1,750 mortgage upon which plaintiff seeks to impress a trust or lien on the theory that he planned the house built upon the lot, supervised the job of constructing it, and himself performed most of the carpenter work in its construction. But again, as the trial court found, "plaintiff has failed to sustain the burden of proof." None of the necessary elements of a constructive trust or equitable lien were proved, and the trial court correctly ordered judgment in favor of defendant.

None of the alleged errors in the admission of evidence could have affected the result reached by the trial court. Its conclusions must necessarily have been the same had the proffered evidence been received. The alleged errors may, therefore, be disregarded here as being immaterial. 5 Dunnell, Dig. & Supp. § 7181.

Affirmed.