### ANNA WILCOX v. EMANUEL NELSON.[1]

February 4, 1949.

No. 34,852.

*G. L. Dosland,* for appellant.

*Olav E. Vaule,* for respondent.

[1]Reported in 35 N. W. (2d) 741.

PETERSON, JUSTICE.

In this action plaintiff seeks to have defendant adjudged a constructive trustee for her benefit of certain real property. Decision having been against her, plaintiff moved for amended findings or a new trial, and appeals from the order denying her motions. The appeal brings up for review the order only. insofar as it denied the motion for a new trial. Marso v. Graif, 226 Minn. 540, 33 N. W. (2d) 717.

The question to be decided is whether the findings that defendant stood in no relation of trust or confidence to plaintiff and that he had violated no trust or confidence imposed in him by her are sustained by the evidence.

Plaintiff's version was that defendant, a roomer and boarder in her rooming and boardinghouse in Ada, was an intimate friend of her family; that, because of his business experience and superior knowledge, he was her confidant and business adviser; that it became necessary in 1944 for plaintiff either to buy the house in which she was then operating her business or to move; that defendant advised her not to buy it; that she acted upon his advice; that she then considered purchasing another house in Ada known as the "Old Hospital" for $2,000, of which $150 was to be paid down and the balance at $35 per month, which was to include interest on deferred payments at four percent and taxes; that after plaintiff had negotiated with the agent she informed defendant of the facts concerning the proposed purchase; that thereupon defendant stated that he would purchase the property for her upon the terms mentioned in order to secure for himself four percent interest upon his money, which he then had on deposit in a bank at 2½ percent interest; that plaintiff then informed the agent to arrange for a sale of the property to defendant; and that thereupon defendant purchased the property with his own money and in his own name.

After defendant purchased the property, plaintiff moved in and there continued to operate her rooming and boardinghouse. Defendant helped plaintiff move and continued to room and board with

her, paying her $31 per month, of which $30 was for room and board and one dollar for laundry.

Defendant made necessary repairs, such as fixing the chimney, putting a new floor on the porch, painting the exterior, patching the plaster, repairing the furnace, and installing a new expansion tank for the heating system. Plaintiff testified that defendant agreed to add the cost of the repairs and also all taxes to the purchase price which she was to pay in the manner mentioned. She paid defendant $35 per month from September 15, 1944, to January 1, 1945; $45 per month from January 1, 1945, to March 1, 1947; and $55 per month from March 1, 1947, to June 1, 1947. From the payments, plaintiff deducted $31 for defendant's monthly room, board, and laundry.

Defendant's version was that he was neither an intimate friend of plaintiff's family nor her business adviser or confidant; that plaintiff at the time of the negotiations with the real estate agent had $150 in cash, which she needed to pay grocery bills; that, after she talked with the real estate agent concerning the purchase of the property and informed defendant of the proposed deal, defendant told her that if he bought the property she could rent it from him; that thereupon she called the agent on the telephone and informed him that he should sell the property to defendant and that if defendant purchased it she could arrange to rent it from him; that thereupon defendant purchased the property; that plaintiff moved in as defendant's tenant; that defendant continued to room and board with her; that he made the repairs mentioned and did work upon the premises of the value of about $1,000; and that the payments made by plaintiff were for rent, which he had increased twice, once from $35 to $45 and again from $45 to $55 per month.

In May 1947 the parties had a dispute. Plaintiff in effect asserted that defendant purchased the property for her and that the payments were to apply on the purchase price, and defendant denied plaintiff's claims and asserted that the payments were rent. If plaintiff's claim as to the nature of the transaction was correct, she

owed defendant $688.46 as the balance of the purchase price, plus the amount of the repairs and taxes.

Plaintiff's testimony supported her version in detail. She was supported by her unmarried daughter's testimony as to the relationship between her and defendant, as to his agreement to buy the property for her with his own money upon the terms mentioned, and as to payments being upon the contract of purchase and not as rent. Plaintiff's son-in-law supported her by testimony that he heard her tell defendant that certain money paid to him was "a big payment."

Defendant's testimony categorically contradicted that of plaintiff and her witnesses and affirmed the existence of facts supporting his version. He was supported by testimony of the real estate agent to the effect that plaintiff told him "that it was agreeable if Mr. Nelson [defendant] bought it [the property] and that she was going to be able to make a deal whereby she might be able to *rent* the property [from him]." (Italics supplied.)

Each party showed declarations or admissions by the other inconsistent with the claims asserted. Plaintiff showed that in June 1947 defendant signed a receipt for the "June payment." The form was suggested by plaintiff's counsel. It is argued that thereby defendant in effect admitted that the transaction was a purchase and sale. Defendant showed that plaintiff had made declarations that she was renting from him. The credibility of defendant's witnesses was shaken by showing that one of them was hostile to plaintiff, that another stated that plaintiff said that she was renting at $25 per month, when as a matter of fact she was paying $35 per month, and that the third such witness also testified that plaintiff in the course of her declarations also said that defendant "beat" her to it in purchasing the property.

The evidence does not show the value of the property in 1944, when defendant purchased it. The property was then in disrepair. In 1947, after repairs of the value of approximately $1,000 had been made and values of real estate had risen sharply, the evidence shows that the property was of the value of approximately $4,000.

The amount of the taxes thereon was not shown. Plaintiff at no time claimed the benefit of homestead rights for purposes of taxation,[2] but defendant did.

The trial court found that there was no relation of confidence and trust between plaintiff and defendant; that defendant did not agree to purchase the property for plaintiff; that, with plaintiff's knowledge and consent, defendant purchased it for his own benefit with his own money; that afterward she became his tenant; and that the payments in question were rent.

Plaintiff invokes the rule that when property has been acquired under such circumstances that the holder of legal title may not in good conscience retain the beneficial interest equity will convert him into a trustee thereof for the benefit of the party entitled thereto. She contends that the rule is especially applicable where, as here, an agent or confidant abuses confidence and trust imposed in him to purchase property by purchasing it for himself, even if he pays the purchase price with his own money, citing among other authorities Whitten v. Wright, 206 Minn. 423, 289 N. W. 509; Iroquois Iron Co. v. Kruse (8 Cir.) 241 F. 433; 6 Dunnell, Dig. & Supp. § 9916; Restatement, Restitution, § 190. The trial judge considered most of these authorities and some others, including Trice v. Comstock (8 Cir.) 121 F. 620, 61 L. R. A. 176.

Findings of fact reasonably supported by the evidence are final on appeal, even though the evidence with respect thereto is conflicting. Enderson v. Kelehan, 226 Minn. 163, 32 N. W. (2d) 286; Village of Minneota v. Fairbanks, Morse & Co. 226 Minn. 1, 31 N. W. (2d) 920. Here, the findings are amply supported by evidence which is in hopeless conflict. Defendant's version is corroborated by the fact that he and plaintiff did not act upon the terms she proposed to the agent and which she said were those upon which defendant agreed to purchase for her, for the reason that she

[2]M. S. A. 273.13 provides that the first $4,000 of the full and true value of an urban homestead shall be exempt from state taxes and shall be assessed at 25 percent of its full and true value, and that urban nonhomestead property shall have no such exemption and shall be assessed at 40 percent of its full and true value.

did not make any down payment at all as the terms in question stipulated, and by the further fact that the monthly payments made were such as a tenant from month to month might well make. On top of that, an inference of fact was permissible that terms such as plaintiff says were agreed upon were unlikely because of the value and condition of the property. That being true, we accept as facts the findings that there was no relation of confidence and trust between plaintiff and defendant; that with plaintiff's full knowledge and consent defendant purchased the property with his own money for his own benefit; that thereafter plaintiff became defendant's tenant; and that, as a conclusion, defendant, when he bought the property for his own benefit and not for her, in no way violated or abused any confidence or trust plaintiff had placed in him.

A constructive trust is a remedial device by which the holder of legal title is held to be a trustee for the benefit of another who in good conscience is entitled to the beneficial interest. Such a trust is adjudged for the purpose of working right and justice, regardless of whether the parties intended to create such a relation. Larkin v. McCabe, 211 Minn. 11, 299 N. W. 649. The elements of a cause of action to enforce a constructive trust are the existence of a fiduciary relation and the abuse by defendant of confidence and trust bestowed under it to plaintiff's harm. Trice v. Comstock, *supra*. These views were reiterated in the later case of Iroquois Iron Co. v. Kruse, *supra,* citing the Trice case. A constructive trust cannot be adjudged where an element of a cause of action for its enforcement is lacking. Martin v. Tucker, 217 Minn. 104, 14 N. W. (2d) 105; W. B. Foshay Co. v. Mercantile Trust Co. 175 Minn. 115, 220 N. W. 551.

Here, both elements of a cause of action to enforce a constructive trust are lacking. There was no fiduciary relation between plaintiff and defendant, and there was no abuse of any confidence or trust by defendant in purchasing the property for his own benefit. Hence, he cannot be adjudged a constructive trustee thereof for plaintiff's benefit.

Affirmed.