## DONNA M. NIMETH v. LORETTA J. FELLING AND ANOTHER. DAIRYLAND MUTUAL INSURANCE COMPANY, GARNISHEE.

165 N. W. (2d) 237.

February 21, 1969—No. 41255.

*Andrew P. Engebretson,* for appellant.

*Robins, Davis & Lyons* and *Thomas C. Kayser,* for respondent.

MURPHY, JUSTICE.

Appeal by Dairyland Mutual Insurance Company, garnishee, from a summary judgment. The principal issue which we consider is whether compulsory insurance, certified to the commissioner of highways pursuant to Minn. St. c. 170, provides protection to an injured third party, even though the insured violated a provision of the policy by failing to notify the insurer that the car involved in the accident was a replacement of the one originally insured.

The facts are undisputed. Defendant Dennis Felling carried a policy of public liability insurance with Dairyland Mutual Insurance Company. The policy covered a 1951 Chevrolet and contained a clause requiring notice to the insurer within 30 days if a replacement automobile was purchased. Felling replaced the insured 1951 Chevrolet with a 1954 Chevrolet but did not notify the insurance company. After the 30-day period had expired, defendant's wife, Loretta, while driving the 1954 Chevrolet, was involved in an accident with plaintiff, Donna M. Nimeth. It is agreed that the 1951 Chevrolet and the 1954 Chevrolet were never operated concurrently. Plaintiff brought suit against the Fellings, and the insurance company refused to defend, asserting that the Fellings' failure to give the required notice of the change in vehicles relieved it of its obligation under the policy. Plaintiff obtained a $4,000 judgment against the Fellings, and when it was not satisfied, this proceeding was instituted by supplemental complaint pursuant to Minn. St. 571.51. In this proceeding the trial court ordered summary judgment for plaintiff against the insurance company for the amount of the judgment in the original action, together with interest and costs. It should be noted that in the supplemental proceeding the insurance company admitted that defendant Dennis Felling was the subject of risk insurance and that the policy involved was one which was certified to the commissioner of highways, as required by c. 170, commonly designated as the Safety Responsibility Act. It was agreed or assumed for the record that some time prior to the events involved in the suit the driving privileges of defendant Felling had been suspended and that he was required to furnish proof of financial responsibility to the commissioner of highways of the State of Minnesota by providing liability insurance pursuant to the provisions of § 170.40.

The insurer seeks to escape liability, contending that the automobile involved in the accident was not designated by explicit description or by appropriate reference in the policy. The insurer points out that it was not notified of the replacement of the automobile until after the accident, which was subsequent to the grace period provided by the policy. Felling concedes that he did not comply with the requirement of reporting the replacement within the 30-day period provided by the policy. It would appear that, absent the provisions of c. 170, the insurer would have a

valid defense. Providence Wash. Ind. Co. v. Edes (D. Maine) 109 F. Supp. 813; Mitcham v. Travelers Ind. Co. (4 Cir.) 127 F. (2d) 27.

In the comparatively recent case of Gabrelcik v. National Ind. Co. 269 Minn. 445, 131 N. W. (2d) 534, we considered a somewhat analogous situation. That case involved an action by an insured against her insurer and others for a declaratory judgment as to whether a temporary substitute-automobile provision of a liability policy afforded protection to the insured during the operation of a nondescribed vehicle. The insured vehicle was a taxicab and, as in the case before us, compulsory insurance was required. We there held, however, that the policy afforded no coverage to the automobile, owned by the husband and registered in the name of his business, which was loaned to the wife for use as a taxicab while the vehicle designated in the policy was disabled. We pointed out, however, that "[w]ere the action brought by the injured party after judgment, considerations of public policy might well dictate a different result." 269 Minn. 448, 131 N. W. (2d) 536.

Unlike the Gabrelcik situation, plaintiff here is a member of the public for whose benefit the legislature has required issuance of a policy as proof of the insured's financial responsibility, and plaintiff has proceeded in accordance with the procedure indicated by dicta of this court in the Gabrelcik case. The basis for recovery is found in the plain language of the Safety Responsibility Act, § 170.40, subd. 6(1), which provides that the liability of the insurer "shall become absolute whenever injury or damage covered by said motor vehicle liability policy occurs; * * * and no violation of said policy shall defeat or void said policy." [1]

---

[1] Minn. St. 170.40, subd. 6(1), provides: "The liability of the insurance carrier with respect to the insurance required by this chapter shall become absolute whenever injury or damage covered by said motor vehicle liability policy occurs; said policy may not be canceled or annulled as to such liability by any agreement between the insurance carrier and the insured after the occurrence of the injury or damage; no statement made by the insured or on his behalf and no violation of said policy shall defeat or void said policy."

In the event the insurance company is required to make payment, the legislature has provided by § 170.40, subd. 8: "Any motor vehicle liability

This statute, which is designed to regulate the rights of operators and owners of motor vehicles, as well as the rights and obligations of insurers issuing policies to comply with it, is remedial and will be broadly construed to carry out its purpose of providing compensation to those who have been injured by automobiles whose operators, because they are financially irresponsible or poor traffic risks, are required to provide liability insurance or to furnish other proof of financial responsibility as a condition for not having their operator's licenses or registration certificates suspended or revoked, 7 Am. Jur. (2d) Automobile Insurance, §§ 4 to 10; 33 Minn. L. Rev. 525.

There seems to be ample authority to the effect that the insurer on a compulsory insurance liability policy may be held liable to one injured by the insured notwithstanding the fact that the insured himself has lost his rights under the policy by failure to comply with its terms and conditions. The rights of the injured person are independent of and are not derived from those of the insured. 7 Am. Jur. (2d) Automobile Insurance, § 220; 33 Minn. L. Rev. 525; Note, 50 Minn. L. Rev. 479, 510.

We agree with the trial court that the failure of the insured to report the fact that he had replaced the automobile described in the policy could not operate to defeat the claim of the injured third party. Section 170.40, subd. 6(1), makes it clear that the liability of the insurer becomes absolute when the damage or injury occurs and that no violation of the policy "shall defeat or void said policy."

The Supreme Court of New Hampshire had occasion to apply its compulsory insurance statute, which is substantially the same as ours, to a similar fact situation in Farm Bureau Auto. Ins. Co. v. Martin, 97 N. H. 196, 84 A. (2d) 823, 29 A. L. R. (2d) 811. That court held that whatever the rights of the insurer might be against the named insured, the conditions or provisions of the policy could not be used to defeat or avoid coverage so far as an injured third party was concerned. The court there noted that, with respect to the third party for whose benefit the

policy may provide that the insured shall reimburse the insurance carrier for any payment the insurance carrier would not have been obligated to make under the terms of the policy except for the provisions of this chapter."

statute was enacted, "the liability of the company * * * shall thereby become absolute upon the occurrence of such an accident." 97 N. H. 199, 84 A. (2d) 825, 29 A. L. R. (2d) 814.

Affirmed.