Derald C. NELSON and Carol L. Nelson, Appellants,

v.

Curtis R. ENGEN, Defendant,

National Family Insurance Co., Respondent.

No. CO–83–1440.

Court of Appeals of Minnesota.

April 10, 1984.

Lee A. Henderson, Ogurak & Henderson, P.A., Minneapolis, for appellant.

Janice K. Cook, Eric J. Magnuson, Rider, Bennett, Egan & Arundel, Minneapolis, for Engen.

Heard, considered and decided by PARKER, P.J., and WOZNIAK and LANSING, JJ.

## OPINION

PARKER, Judge.

Plaintiffs in a personal injury auto accident appeal from denial of a motion for leave to file a supplemental complaint against defendant's insurer after receipt of a garnishment disclosure denying that the insurer owed anything to defendant. Insurer had disclosed that a declaratory judgment previously entered had determined that the policy provided no coverage applicable to the accident because its insured was driving an auto not included in the policy. The trial court granted insurer's cross motion for dismissal and denied insurer's motion for costs and attorney's fees. Respondent insurer filed notice of review of the denial of its latter motion. Appellants contend that an independent cause of action exists against defendant's insurer under the No-Fault Act because defendant insured violated the terms and conditions of the policy.

We affirm.

## ISSUES

1. Did the trial court properly rule that appellants' supplemental complaint in the garnishment proceeding was precluded by the doctrine of res judicata?

2. Is respondent entitled to an award of costs and attorney's fees under Minn.Stat. § 549.21 (1982)?

## FACTS

On November 8, 1979, a car owned and driven by appellant Derald Nelson, in which appellant Carol Nelson was a passenger, was struck from the rear by a 1971 Ford station wagon owned and driven by Curtis Engen. Appellants had no insurance on their car. They commenced an action against Engen to recover damages for injuries they sustained.

Defendant Engen had an automobile insurance policy with National Family Insurance Company (National) which was in force and effect at the time of the accident. The declarations sheet showed that the policy covered a 1972 Oldsmobile and a 1974 Ford Galaxy. Engen did not add the 1971 Ford station wagon to his policy when he purchased it. Engen sought coverage for the accident from respondent National under his liability coverage on his other two cars.

National provided an attorney to defend Engen and also commenced a declaratory judgment action to determine whether the 1971 Ford station wagon was a covered vehicle under the National policy. Engen and the Nelsons were the named defendants. The policy liability exclusions provided:

> We do not provide Liability Coverage:
>
> . * * * * * *
>
> 9. For the ownership, maintenance or use of any vehicle, other than your covered auto, which is owned by you or furnished or available for your regular use.

The definitions section of the policy provides:

> "Your covered auto" means:
>
> (a) any vehicle shown in the Declarations;
>
> (b) any of the following types of vehicles of which you acquire ownership during the policy period, provided that you

ask us to insure within 30 days after you become the owner;

(1) a private passenger auto;

\* \* \* \* \* \*

If the vehicle *replaces* one shown in the Declarations, you have to ask us to insure it within 30 days only if you wish Damage to your Auto Coverage to apply to the *replacing vehicle.*

(Emphasis added).

Engen did not request coverage for the 1971 Ford station wagon within 30 days of acquiring ownership. Engen's defense in the declaratory judgment action was that the Ford station wagon was purchased as a *replacement* vehicle for the 1972 Oldsmobile and thus was a covered vehicle.

The trial court held that the station wagon was not a replacement vehicle and the policy provided "no coverage for the claims made by defendant Derald C. Nelson and Carol L. Nelson arising from the accident of November 8, 1979." The court noted that the 1972 Oldsmobile was still in Engen's possession.

The appellants moved to amend the order to delete the reference to them as a method of preserving their "statutory claim under Minn.Stat. § 65B.49, subd. 3(3)(a)." The trial court issued an amended order that read:

That plaintiff shall have judgment declaring and adjudging that the policy of insurance issued by plaintiff to defendants, Curtis R. Engen and Patricia Engen provides no coverage to Defendant Engen for the accident of November 8, 1979, together with its costs and disbursements herein.

Appellants proceeded in the damage action against Engen and negotiated a settlement for $100,000.

On April 11, 1983, in an attempt to collect on the judgment, appellants served a garnishment summons upon National. National served a garnishment disclosure upon appellants, denying that it owed anything to the Nelsons because of the declaratory judgment. The Nelsons then moved for an order under Minn.Stat. § 571.51 al-

lowing them to file a supplemental complaint making National a party to the suit against Engen for the purpose of determining whether National must pay the judgment that had been entered.

National moved for an order dismissing it as garnishee and for an award of attorney's fees. The trial court granted National full discharge as garnishee, denied appellants' motion for leave to serve a supplemental complaint, and denied National's motion for attorney's fees.

## ANALYSIS

### I

Appellants urge that they possess an independent cause of action against National. They contend that National is obligated to pay them even though Engen violated the terms and conditions of his policy by failing to report within 30 days that he was now driving a station wagon.

This novel theory is purportedly bolstered both by statutory and case law authority. Minn.Stat. § 65B.49, subd. 3(3)(a), provides:

The liability of the reparation obligor with respect to the residual liability coverage required by this clause *shall become absolute whenever injury or damage occurs;* such liability may not be cancelled or annulled by any agreement between the reparation obligor and the insured after the occurrence of the injury or damage; no statement made by the insured or on his behalf and *no violation of said policy shall defeat or void said policy.*

(Emphasis added).

In *Nimeth v. Felling,* 282 Minn. 460, 165 N.W.2d 237 (1969), the tortfeasor carried liability insurance but lost his rights under the policy by failing to comply with its terms requiring notification to the insurer of a change in vehicles. The Court held that the tortfeasors' inaction could not operate to defeat the injured party's claim under the policy.

■ Appellants' theory is flawed, however, because in this case there was an earlier determination in the declaratory judgment action that the station wagon was not a replacement vehicle. This determination was never appealed. Engen did not violate any terms of the policy—he simply failed to obtain any insurance on his station wagon. The liability on the station wagon had not become absolute when the injury occurred, as appellants suggest. There was no coverage at the time of the accident available for appellants to garnish, and neither Minn.Stat. § 65B.49, subd. 3(3)(a), nor *Nimeth* dictate otherwise. As respondent stated at oral argument, Engen is (and consequently the Nelsons are) not entitled to have three cars covered for two premiums.

Even if we recognized appellants theory, their claim is barred under res judicata, as the trial court held. The trial court ruled that if it allowed appellants to file a supplemental complaint against National, the parties would again be litigating the possible coverage of National under Engen's policy.

■ The principle of res judicata incorporates both the doctrine of merger or bar and the doctrine of collateral estoppel. In merger or bar:

> [a] judgment on the merits constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between parties and privies, not only as to every matter which was actually litigated, but also as to every matter which might have been litigated therein.

*Hauser v. Mealey*, 263 N.W.2d 803, 807 (Minn.1978), citing *The Youngstown Mines Corp. v. Prout*, 266 Minn. 450, 466, 124 N.W.2d 328, 340 (1962). Clearly, a judgment in a declaratory judgment action has full res judicata effect. *Howe v. Nelson*, 271 Minn. 296, 135 N.W.2d 687 (1965).

■ In this case, the appellants were named parties in the earlier declaratory judgment action. They cannot relitigate the same issue ostensibly under a new theory of liability. Their theory should have been litigated in the prior action. Thus, we find the trial court correctly dismissed ap-

pellants' motion to file a supplemental complaint.

## II

In respondent's cross appeal, it is asserted that it is entitled to an award of costs and attorney's fees under Minn.Stat. § 549.21.

Minn.Stat. § 549.21 provides, in relevant part:

> Upon motion of a party, the court in its discretion may award to that party costs, disbursements, reasonable attorney fees and witness fees if the party or attorney against whom costs, disbursements, reasonable attorney and witness fees are charged acted in bad faith; asserted a claim or defense knowing it to be frivolous; asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass; or committed a fraud upon the court. * * *

■ This statute is apparently a codification of the common law rule that attorney's fees are recoverable where the unsuccessful party has acted in bad faith, vexatiously or for oppressive reasons. *See generally Cherne Industrial, Inc. v. Grounds & Associates, Inc.*, 278 N.W.2d 81 (Minn.1979) (indicating the common law rule).

■ While we conclude that the innovative theory propounded by the Nelsons of an independent cause of action under Minn. Stat. § 65B.49, subd. 3(3)(a), is here in error, it is not frivolous as suggested by counsel for respondent. Innovation even where apparently erroneous is not tantamount to bad faith or vexatious litigation, and for that reason an award of attorney's fees would be unjust.

## DECISION

1. We hold that the trial court properly determined that appellants' supplemental complaint in the garnishment proceeding was barred by res judicata, by reason of the previous unappealed orders of the trial court declaring that respondent's insured had no liability coverage.

2. Respondent is not entitled to an award of costs, disbursements and attorney's fees under Minn.Stat. § 549.21.

Affirmed.