**INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 49 HEALTH & WELFARE FUND, et al., Respondents,**

v.

**Glenn D. KREJEC, d.b.a. Tillges Excavating, Appellant.**

No. C0-84-1691.

Court of Appeals of Minnesota.

April 23, 1985.

David S. Anderson, St. Paul, for respondents.

Michael W. McNabb, Stevens, McNabb & Stewart, Burnsville, for appellant.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

RANDALL, Judge.

This is an action commenced by union welfare benefit plans to collect contributions which were allegedly contractually due from appellant. Appellant had requested a jury trial, but when the matter came on for trial, respondents asserted there were no issues of material fact to be resolved and that the court should decide the case solely on legal issues. However, respondents made no motion for summary judgment. The trial court continued the case after instructing the parties to file briefs on, first, whether there were any questions of fact to be determined, and, second, the law on the contested legal issues.

When the matter again came up for trial following the submission of briefs, the court stated there were no contested fact issues and that the appellant was therefore not entitled to a jury. However, rather than then proceeding with a court trial, the court stated it would decide the legal issues based upon the facts agreed upon by the parties during oral discussions before and with the court. Respondent still had not filed a motion for summary judgment. Appellant requested an opportunity to present an oral stipulation of the agreed-upon facts on the record to ensure that the court had the essential undisputed facts before making its decision, but that request was denied. The court did allow the parties to submit a written stipulation.

The proposed written stipulation submitted by the appellant was rejected by the respondent *over factual disputes*, and appellant renewed his request for a jury trial. The court denied the request and rendered judgment in favor of respondents and granted them attorney fees. After the court granted appellant's motion requesting the court to file findings of fact, he appealed. We reverse and remand for trial on the merits.

## FACTS

Appellant is a sole proprietor engaged in the excavating business. He has one employee, who, at the time appellant began working on a contract at the Dispatch Industries ("Dispatch") plant, was not a member of any union. Shortly after work at Dispatch was begun, a representative of Local 49 approached appellant and requested him to sign a pre-hire agreement certifying 49 as the bargaining agent for appellant's employees. (Such agreements are valid in the construction industry if voluntarily entered.) Appellant refused, but after several more approaches by the union agent and a threat, according to the union, of informational picketing of the work site or, according to appellant, of picketing to close the work site down, he signed. Within days, appellant's employee joined the union.

The agreement signed by appellant contains a statement to the effect that appellant received a copy of the agreement and a merger clause stating that the written agreement contained the parties' entire agreement. Nonetheless, appellant contends he only signed the agreement because the union representative told him, in order to induce him to sign, that he would only have to make payments to the union welfare funds during the months he (and his employee) worked on the Dispatch project. The agreement states otherwise. He further contends that he was not allowed to read the agreement until after he signed it.

Appellant made contributions to the union welfare funds for the months he and his employee worked on the Dispatch project. He made no contributions for any other months. Each monthly contribution was due by the 15th of the following month. The contract called for respondent to notify appellant within ten days if there was a dispute over contributions. For only one month for which appellant did not make contributions did he receive a demand letter before the 25th. Appellant therefore contends that, under the terms of the agreement, the welfare funds waived their right to collect, even if the agreement was otherwise valid.

The amount of the unpaid contributions and the liquidated damages due in the event of a ruling against appellant are undisputed.

## ISSUES

1. Were there genuine issues of material fact on the issue of the validity of the pre-hire agreement which should have been determined by a jury?

2. Did the trial court err in its determination that respondents had not waived their right to collect appellant's delinquent contributions?

## ANALYSIS

### I.

*Propriety of summary judgment*

■ A party is entitled to a trial unless there are no material questions of fact and one party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03. Summary judgment is a tool to be used sparingly, and where there is doubt about whether there are genuine issues of material fact to be resolved, summary judgment should not be used. *Donnay v. Boulware*, 275 Minn. 37, 45, 144 N.W.2d 711, 716 (1966).

Appellant claims that the communications between himself and the union representative before signing the pre-hire agreement are critical in determining the validity of the agreement he signed. He contends that the *type* of picketing—that is, whether informational or recognitional—threatened by the union and the union's objectives must be known before it can be determined whether the picketing that was threatened would have been lawful. The parties differ on that factual issue. While respondent conceded that picketing had been threatened, it alleges there was no threat to close down the worksite. A jury should decide this issue.

Appellant also argues that testimony would have established that he did not receive a copy of the agreement he signed until after he had signed it, making his consent ineffective, and that the union rep-

resentative misrepresented the terms of the agreement appellant was signing. The agreement, however, contains a merger clause, and also an acknowledgement that appellant had received a copy of his contribution obligation. Respondent argues that under the parole evidence rule, any evidence that would vary the terms of the contract is inadmissible. While such is ordinarily the case, such evidence may be admitted if appellant can show duress, incapacity, fraudulent misrepresentation, or mutual mistake. *Hockemeyer v. Pooler*, 268 Minn. 551, 567, 130 N.W.2d 367, 378 (1964); *Dahmes v. Industrial Credit Co.*, 261 Minn. 26, 110 N.W.2d 484 (1961).

■ The two parties could not even agree on a written stipulated set of facts as to exactly what transpired between appellant and the representative of Local 49 at the job site. Appellant had made a timely demand for a jury trial, and there are contested issues of material fact. Summary judgment on the court's own motion was error.

### II.

*Waiver*

The trial court determined that respondent had not waived its right to claim delinquent contributions. Article 11 of the agreement, entitled "Settling Disputes," reads:

> Any controversy over the interpretation of, or adherence to, the terms of this Agreement shall first be attempted to be resolved between the Union and the Employer. Any controversy or grievance shall be deemed to be waived unless submitted in writing within ten (10) working days after the first occurrence of the event or knowledge of the conditions giving rise to the grievance.

The remainder of Article 11 sets forth the procedures for arbitrating grievances.

■ Article 22, Fringe Benefits, provides under clause 6(g) that the failure of an employer to pay sums due the trust funds "shall not be subject to arbitration," not-

withstanding the provisions of article 11. It does not say, however, that any other provisions of article 11 are inapplicable. Therefore, if appellant's refusal to pay into the welfare fund can be considered a "controversy over the interpretation of, or adherence to, the terms of" the agreement, respondent should have submitted a demand for the late contributions within ten days of each due date. However, in *Schneider Moving and Storage Co. v. Robbins*, —— U.S. ——, 104 S.Ct. 1844, 80 L.Ed.2d 366 (1984), the United States Supreme Court ruled that a union trust fund's failure to submit to arbitration was not fatal to its action to collect contributions. In so ruling, the court found that the trustees were not bound by any procedures in the arbitration paragraphs contained in the collective-bargaining agreements. The Supreme Court's reasoning is applicable here. The trial court did not err in finding respondent had not waived its right to collect delinquent contributions by its failure to make timely demands.

Respondents argue in their brief that if there is merit to appellant's claim that the union made an improper threat of picketing, appellant is precluded by Section 8 of the National Labor Relations Act from raising that issue in a state court of Minnesota. Respondents claim that the National Labor Relations Act preempts questions of unfair labor practices. Respondents presented that issue for the first time on appeal. The record discloses that not only was that issue not raised before the trial court, but respondents willingly submitted to Minnesota jurisdiction and invited the trial court to rule on the dispute as a matter of law. We will not decide an issue presented for the first time on appeal. *Hyduke v. Grant*, 351 N.W.2d 675, 677 (Minn.App. 1984).

## DECISION

The trial court did not err in finding respondent had not waived its claim for contributions. However, genuine issues of material fact remain, precluding summary judgment.

Reversed and remanded for trial.

POPOVICH, C.J., dissents.

POPOVICH, Chief Judge, dissenting.

I respectfully dissent and would affirm. The trial court found there was no dispute of material facts agreed upon in oral discussion before the trial court. Just because the parties later did not agree to a stipulation is immaterial. The trial court had the right to rely on what was agreed when the parties appeared before it.