**Wilford Henry GERDIN, Appellant,**

v.

**PRINCETON STATE BANK, Louis L. Hoffman, et al., United States of America, State of Minnesota, Sheriff of Sherburne County, Gerdin Transfer, Inc., Respondents.**

No. C7–87–861.

Court of Appeals of Minnesota.

Nov. 3, 1987.

David D. Meyer, Muir, Meyer, Simmons & Costello, Lakefield, William S. Rosen, Mark J. Kiperstin, St. Paul, for Wilford Henry Gerdin.

Kay Nord Hunt, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, for Princeton State Bank.

Phillip A. Cole, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, for Louis L. Hoffman, et al.

Carol B. Swanson, Asst. U.S. Atty., Minneapolis, for U.S.

Neil F. Scott, Asst. Atty. Gen., St. Paul, for State of Minn.

Sheriff of Sherburne County, pro se.

Gerdin Transfer, Inc., pro se.

Heard, considered and decided by POPOVICH, C.J., and RANDALL and STONE,* JJ.

## OPINION

STONE, Judge.

A judgment granting recision of a sale and awarding damages, but not attorney fees, is appealed.

Appellant argues the district court improperly refused to hold a trial on the merits of his claim. Appellant further alleges that the court failed to restore him to his pre-sale position when it refused to award him his attorney fees.

Appellant seeks a remand for trial and an award of attorney fees as a matter of law, subject to proof as to amount.

## FACTS

Gerdin Transfer, Inc. defaulted on a mortgage held by respondent, Princeton State Bank. Attorneys Louis and John Hoffman were retained by the bank to initiate foreclosure proceedings and to arrange for sale of the property. The attorneys were aware that more than $50,000 in tax liens on the property would need to be extinguished, but failed to serve the legally required notices and the liens were not extinguished.

Appellant, Wilford H. Gerdin, attended the sheriff's sale out of curiosity, as he had owned the property some years before. He had no intention of bidding on it at that time. Aside from the sheriff, and John Hoffman, appellant was the only person to attend. After some encouragement from Hoffman, Gerdin agreed to buy the property, and the sale was postponed for one hour to permit him to obtain a cashier's check from Princeton State Bank. The existence of the liens was not revealed to appellant by either Hoffman or the bank.

Sometime later, Gerdin learned of the liens, which, together with the price paid at

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

the sale, far exceeded the actual value of the property.

Gerdin initiated suit against the Hoffmans and against the bank. The trial court summarily dismissed the action, finding no attorney-client relationship between Gerdin and the Hoffmans, and no duty to extinguish the tax liens on the part of the bank.

This court reversed, finding the bank did have such a duty.

The Supreme Court affirmed, holding that the sale was fatally flawed and that appellant was entitled to set aside the sale. The court concluded that a purchaser at a foreclosure sale has the right to assume that statutorily required notices have, in fact, been served.

Upon remand, and after a hearing, the district court summarily issued an order rescinding the sale and awarding damages, but not attorney fees, to the appellant.

## ISSUES

1. Did the trial court err by denying appellant a trial on the questions of damages and attorney fees?

2. Did the trial court err in denying appellant his attorney fees?

## ANALYSIS

### I.

A party is entitled to a trial unless there are no material questions of fact and one party is entitled to judgment as a matter of law.

*International Union of Operating Engineers v. Krejec,* 366 N.W.2d 388, 390 (Minn.Ct.App.1985).

In the previous appearance of this case before this court, the issue of liability for failure to disclose the existence of tax liens was decided in appellant's favor as a matter of law. *Gerdin v. Princeton State Bank,* 371 N.W.2d 5, 9 (Minn.Ct.App.1985) (hereinafter *Gerdin I*). The bank knew of the existence of the liens and therefore owed a duty to potential buyers, including Gerdin. *Id.* The bank breached its duty through its attorney's failure to disclose those liens at the time of sale. *Id.*

The Minnesota Supreme Court affirmed, holding that the breach of duty fatally flawed the sale rendering it voidable as a matter of law. *Gerdin v. Princeton State Bank,* 384 N.W.2d 868, 872 (Minn.1986).

Within weeks of the supreme court decision, the parties began arranging the implementation of the recision. A hearing was set for October 3, 1986 to determine the amount of money due appellant, the rate of interest to be paid, how rents and expenses were to be calculated, and whether or not attorney fees would be paid.

On August 29, 1986, appellant submitted an accounting of expenses and receipts for the period of time during which he owned the property. Respondent accepted those figures with respect to the following:

| | | |
|---|---|---|
| 1. Purchase price | | $55,085.00 |
| 2. Total expenses (less attorney fees but including appellant's valuation of his time expended on repairs and improvements) | | + 17,251.88 |
| | | $72,336.88 |
| 3. Total income | | −34,517.13 |
| 4. Net damages | | $37,819.75 |

■ The only issue relating to damages not agreed to by the parties was the appropriate rate of interest under Minnesota law. (Appellant seemed willing to acquiesce in the 6% rate of interest in an attempt to settle the case, but that acquiescence was predicated upon a court award of $66,733.53). In any event, the question of applicable interest rates was one of law, not fact, and thus did not require a trial.

■ Even appellant's attorney admitted all the necessary evidence and documents were before the court. "If the court wants to make an order based upon what's before it, the court has everything before it and can do so."

There is much evidence suggesting that appellant's attorney did not receive proper notice of the nature of the October 3 hearing and that he was not aware the hearing was intended to determine the final disposition of this case. Appellant's attorney objected strenuously and repeatedly to the proceedings, his lack of notice and his lack

of preparedness to argue a final disposition.

However, there were no issues of material fact remaining to be established. The previous lawsuit had determined the legal rights of the parties with respect to voidability of the sale; the parties stipulated as to the amount of damages; and the rate of interest and attorney fees were the only contested questions. These were questions of law not fact. No trial was necessary and appellant's rights were not compromised by the court's refusal to grant one.

## II.

Generally the so-called "American Rule" governs the award or denial of attorney fees in Minnesota. Under the rule, each party is responsible for his or her own attorney fees unless a statutorily recognized exception or a contract to the contrary exists. *Barr/Nelson, Inc. v. Tonto's, Inc.*, 336 N.W.2d 46, 53 (Minn.1983). An award of "costs" does not ordinarily include attorney fees. *McRostie v. City of Owatonna*, 152 Minn. 63, 68, 188 N.W. 52, 54 (1922).

No contractual provision for fees is at work here. This action is not brought under any Minnesota statute which specifically permits the award of attorney fees as a remedy. Minn.Stat. § 549.21, a codification of the common law, permits a court to award attorney fees where an unsuccessful party has acted in bad faith, vexatiously or for oppressive reasons. *Nelson v. Engen*, 347 N.W.2d 57, 61 (Minn. Ct.App.1984). But section 549.21 is applicable only where the bad faith occurs with respect to the litigation itself, not with respect to the underlying cause of action. *Anderson v. Medtronic, Inc.*, 382 N.W.2d 512, 515 (Minn.1986). No supportable allegations of bad faith were made by appellant. Instead appellant argues that he acted in the position of a trustee with respect to the property for the benefit of the bank as ultimate beneficiary.

This argument is unpersuasive. There is no agreement—either oral or written—sufficient to create an express trust.

*See Wertin v. Wertin*, 217 Minn. 51, 13 N.W.2d 749 (1944). Nor is any evidence presented of any intent sufficient to establish a resulting trust. *See Sieger v. Sieger*, 162 Minn. 322, 202 N.W. 742 (1925). The only other possibility would be that a constructive trust should be created as a matter of equity. Constructive trusts are remedial devices to correct an abuse of a fiduciary relationship, *Wilcox v. Nelson*, 227 Minn. 545, 550, 35 N.W.2d 741, 744 (1949), and to compel a conveyance to prevent unjust enrichment of the defendant at plaintiff's expense, *Gethsemane Lutheran Church v. Zacho*, 253 Minn. 469, 477, 92 N.W.2d 905, 911–12 (1958). No such relationship exists here. Appellant has at all times relevant to this cause of action, acted not for the benefit of the property, but in his own best interest. To be sure those interests often coincided, but appellant's actions were reasonably calculated to maintain the property and to protect his legal rights as he vigorously pursued recision of the sale.

There is nothing on the record, therefore, to justify an award of attorney fees to appellant. Admittedly, recision and the damages awarded by the district court do not fully and completely restore appellant to his pre-sale position—his attorney fees approach $20,000—but he has been compensated as fully as the law permits.

We are not unaware of the provisions of Article I, sec. 8 of the Minnesota Constitution:

> Every person is entitled to a certain remedy in the laws for all injuries or wrongs which he may receive to his person, property or character, * * *.

Because the applicability of this constitutional provision to the so-called "American rule" was not referred to at trial nor briefed nor argued on appeal, this decision does not encompass that issue.

## DECISION

Affirmed.